LAWRENCE A. ORGAN – CA Bar # 175503
CALIFORNIA CIVIL RIGHTS LAW GROUP
407 SAN ANSELMO AVENUE
SAN ANSELMO, CA 94960
(415) 453-4740
larry@equalitylawyers.com

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FOUR DIRECTIONS, INDIAN PEOPLE'S ACTIONS, SARA PLAINS FEATHER,<br><br>Petitioners,<br><br>v.<br><br>COMMITTEE ON JUDICIAL CONDUCT AND DISABILITY OF THE JUDICIAL CONFERENCE OF THE UNITED STATES, The Office of the Circuit Executive Cathy A. Catterson, Circuit and Court of Appeals Executive, U.S. Courts for the Ninth Circuit,<br><br>Respondents. | Case No.:<br><br>**PRE-COMPLAINT PETITION TO PRESERVE EVIDENCE** |

*When someone talks to their attorney, then that is a confidential event. When a branch of our government takes a public official's less-than-honorable conduct on a public computer and makes it a secret - we should all be concerned.*

COMES NOW, the Petitioners, INDIAN PEOPLE'S ACTIONS, FOUR DIRECTIONS AND SARA PLAINS FEATHER, and hereby files their Pre-Complaint Petition to Preserve Evidence pursuant to Federal Rule of Civil Procedure 27(a)(1). The Petitioners herein move this Court for entry of an order directing the Respondents to preserve physical evidence, preserve related materials, and identify parties relating to the Committee on Judicial Conduct and Disability's investigation(s) of Judge Richard Cebull (Exhibit 1 to attached Declaration of Lawrence Organ).

Plaintiffs require adequate assurance that relevant information is not being destroyed,

However, as noted, regardless of whether or not plaintiffs eventually get to see such information,

the Court itself, may need to examine it. *United States v. Reynolds*, 345 U.S. 1. 10 (1953); 50

U.S.C. § 1806(f). Plaintiffs, therefore, have sought a modest initial agreement, asking defendants to acknowledge that they will abide by their duty to preserve what they know, or reasonably should know, will be relevant evidence in this pending lawsuit.

In support of this Petition, Petitioners provide the following memorandum of law, and the accompanying declaration of Counsel, Lawrence Organ which respectfully shows this Honorable Court the following:

## I. PETITIONERS' MOTION TO PRESERVE EVIDENCE

1. Petitioners are informed and believe that for years Judge Richard F. Cebull issued, read, commented on, and/or forwarded hundreds upon hundreds of racist, bigoted, homophobic and misogynist emails.

2. After an investigation into Judge Cebull's conduct, the Committee on Judicial Conduct and Disability issued its decision January 17, 2014. (The notes, records, interviews, subject emails, etc, are hereinafter referred to as "The File"). (Exhibit 1)

Pre Complaint Petition to Preserve

- 2 -

3. Although Judge Cebull waived confidentiality and then retired, the Respondents declared that The File would be kept confidential.

4. Petitioners herein are affected persons and entities who are asserting their rights to view The File.

5. The United States District Court in the State of Montana is a small legal community. It serves two Indian Reservations (some of which flow into the South Dakota area), of which their members, are among the most impoverished and debased peoples in America. Among other minorities the Court serves a growing Latino and Hispanic population and an African American population. As well, the Courts are addressing issues relating to a growing LGBT community. All of these groups have been potentially affected by the bias that was contained in the email messages sent by Judge Cebull and by any bias that Judge Cebull might have used in deciding the hundreds of cases that came before him while he was a District Court Judge.

6. Petitioners plan to file a cognizable claim but cannot presently do so (Organ Decl. at ¶ 4, 5 & 5(a)), because, among other factors, The File has not been made public. Indeed, it is not clear where The File is located, and for that matter, based on a call to the Executives office on Thursday, March 13, 2014 – they do not know either.

## II. JURISDICTION AND VENUE

7. Jurisdiction and venue are proper in this Court, because The File is believed to be located in San Francisco and the Court Executive, Cathy Catterson, is located in San Francisco.

## III. PARTIES

8. Petitioner, Four Directions, a 501(c) not-for-profit, is a credentialed advocacy program for Native Americans and minorities, of which some members may have habeas or other 28 U.S.C. § 2255 claims that are running. The Executive Director of Four Directions is Oliver J. Semans, a resident of Rapid City, South Dakota.

Pre Complaint Petition to Preserve

- 3 -

9.  Petitioner, Indian People's Action, is a credentialed advocacy program for Native Americans, of which some members may have habeas or other 28 U.S.C. § 2255 claims that are running. The Executive Director for Indian People's Action is Lita Pepion, a resident of Billings, Montana and an enrolled member of the Cheyanne Tribe.

10. Petitioner, Sara Plains Feather, is a resident of Pryor, Montana and an enrolled member of the Crow Tribe and a former litigant before Judge Cebull.

11. Several other entities and persons, who may have been or are currently being affected are considering joining this contemplated action.

12. Respondent is the Committee on Judicial Conduct and Disability of the Judicial Conference of the United States.

13. Respondent, the Office of the Circuit Executive Cathy A. Catterson, is, or was recently in possession of The File, and has personal knowledge of the persons and or entities that worked on The File.

## IV. SUBJECT MATTER OF THE EXPECTED ACTION AND THE PETITIONER'S INTEREST

14. The Petitioners have a significant interest in The File as each is either:

    a.  A person affected by the unconscious or conscious racism and or partiality of Judge Cebull and therefore maintain due process claims;

    b.  An advocacy organization whose members have been affected by racism for decades, if not a lifetime, and therefore maintain due process claims.

## V. MEMORANDUM OF LAW

15. Notwithstanding the plain language of Federal Rule 27, as well as the case law applying it, a few courts have nevertheless expanded the scope of Rule 27 discovery. See, e.g., *In re Alfa Industries, Inc.*, 159 F.R.D. 456 (S.D.N.Y. 1995) (focusing on Rule 27 language "prevent a failure or delay of justice," the court permitted pre-suit factual discovery because petitioner showed that, absent such information, suit would be delayed, although no evidence or testimony would be lost); *Lubrin v. Hess Oil*

*Virgin Islands Corp.*, 109 F.R.D. 403 (D. Virgin Islands 1986) (site inspection and deposition permitted because court believed the Federal Rules of Civil Procedure do not preclude separate equitable actions for the purpose of discovery"); *Reints v. Sheppard*, 90 F.R.D. 346 (M.D. Pa. 1981) (although denying plaintiff's Rule 27 petition requesting pre-complaint discovery in order to file a more detailed complaint, the court specifically stated it "would be willing to grant such a request in a situation where plaintiff truly did not have knowledge of sufficient facts to plead his case").

Petitioners respectfully request that the Court in the instant case expand the scope of Rule 27 to permit pre-complaint discovery of the File in order to permit them to determine whether or not a due process complaint may be filed. It is in the interests of justice for the Court to grant this request because no judgment or decision that is rendered as the result of bias comports with American ideas of justice and fairness.

16.  Within the Ninth Circuit, there is a recent call to cure the spoliation or withholding of materials relevant to actions in *Brady violations*. As Chief Judge Alex Kozinski wrote in his dissent in *USA v. Olsen*, No. 9th Circuit Case No.10-36063:

> *There is an epidemic of Brady violations abroad in the land. Only judges can put a stop to it."*

Judge Kozinski went on in detail addressing the acts of an employee of The United States Department of Justice (USDOJ):

> *"I wish I could say that the prosecutor's unprofessionalism here is the exception, that his propensity for shortcuts and indifference to his ethical and legal responsibilities is a rare blemish and source of embarrassment to an otherwise diligent and scrupulous corps of attorneys staffing prosecutors' offices across the country. But it wouldn't be true. Brady violations have reached epidemic proportions in recent years, and the federal and state reporters bear testament to this unsettling trend.*[1]

---

[1] See, e.g., *Smith v. Cain*, 132 S. Ct. 627 (2012); *United States v. Sedaghaty*, No. 11-30342 (9th Cir. Aug. 23, 2013); *Aguilar v. Woodford*, No. 09-55575 (9th Cir. July 29, 2013); *United States v. Kohring*, 637 F.3d 895 (9th Cir. 2010); *Simmons v. Beard*, 590 F.3d 223 (3d Cir. 2009); *Douglas v. Workman*, 560 F.3d 1156 (10th Cir. 2009); *Harris v. Lafler*, 553 F.3d 1028 (6th Cir. 2009); *United States v.*

Pre Complaint Petition to Preserve

- 5 -

## V. CONCLUSION

We certainly hope that Judge's lead the way to transparency and preservation of The File. It is not a stretch to assert, maybe more USDOJ employees, might withhold vital parts of The File in our contemplated action. We are plainly and simply asking that The File be found (Returned to San Francisco if archived), that all its notes, and materials be preserved and a list of the persons who worked on The File be disclosed to Petitioners. This is not an intrusion into the Court's budget, or time, and should certainly not be construed as an inconvenience to them.

## IV. PRAYER FOR RELIEF

WHEREFORE, PETITIONERS respectfully ask this Court to enter an Order directing the Respondents to preserve *all* of The File and disclose a list of all persons who worked on The File to prevent a failure of Justice.

Dated: June 23rd, 2014

Verified Petition
LAWRENCE A. ORGAN – CA Bar # 175503
CALIFORNIA CIVIL RIGHTS LAW GROUP
407 SAN ANSELMO AVENUE
SAN ANSELMO, CA 94960
(415) 453-4740
larry@equalitylawyers.com

---

*Zomber*, 299 F. App'x. 130 (3d Cir. 2008); *United States v. Triumph Capital Grp., Inc.*, 544 F.3d 149 (2d Cir. 2008); *United States v. Aviles-Colon*, 536 F.3d 1 (1st Cir. 2008); *Horton v. Mayle*, 408 F.3d 570 (9th Cir. 2004); *United States v. Sipe*, 388 F.3d 471 (5th Cir. 2004); *Monroe v. Angelone*, 323 F.3d 286 (4th Cir. 2003); *United States v. Lyons*, 352 F. Supp. 2d 1231 (M.D. Fla. 2004); *Watkins v. Miller*, 92 F. Supp. 2d 824 (S.D. Ind. 2000); *United States v. Dollar*, 25 F. Supp. 2d 1320 (N.D. Ala. 1998); *People v. Uribe*, 76 Cal. Rptr. 3d 829 (Cal. Ct. App. 2008); *Miller v. United States*, 14 A.3d 1094 (D.C. 2011); *Deren v. State*, 15 So. 3d 723 (Fla. Dist. Ct. App. 2009); *Walker v. Johnson*, 646 S.E.2d 44

Pre Complaint Petition to Preserve

- 6 -