MELINDA HAAG (CSBN 132612)
United States Attorney
ALEX G. TSE (CSBN 152348)
Chief, Civil Division
NEILL T. TSENG (CSBN 220348)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7155
    FAX: (415) 436-6748
    neill.tseng@usdoj.gov

Attorneys for Respondents

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| FOUR DIRECTIONS, ET AL., | CASE NO. C 14-03022 YGR |
|     Petitioners, | **RESPONDENTS' CROSS-MOTION TO DISMISS AND OPPOSITION TO PRE-COMPLAINT PETITION TO PRESERVE EVIDENCE** |
| v. | |
| COMMITTEE ON JUDICIAL CONDUCT AND DISABILITY OF THE JUDICIAL CONFERENCE OF THE UNITED STATES, ET AL., | Date: October 7, 2014<br>Time: 2:00 p.m.<br>Place: Courtroom 1, 4th Floor, 1301 Clay Street, Oakland, California |
|     Respondents. | Honorable Yvonne Gonzalez Rogers |

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES……………………………………………………………..................…ii

NOTICE OF MOTION ...................................................................................................................1

STATEMENT OF RELIEF ............................................................................................................1

ISSUES TO BE DECIDED ............................................................................................................1

MEMORANDUM OF POINTS AND AUTHORITIES ................................................................2

    I.     INTRODUCTION. ...........................................................................................................2

    II.    STATEMENT OF FACTS. ..............................................................................................2

    III.   LEGAL STANDARD. .....................................................................................................4

         A.     Rule 12(b)(1). ........................................................................................................4

         B.     Rule 12(b)(6). ........................................................................................................4

         C.     Rule 27(a). .............................................................................................................5

    IV.   ARGUMENT. ..................................................................................................................6

         A.     The Petition Should Be Dismissed or Denied Because the Requested
              Information is Confidential and Prohibited From Disclosure by Statute. .....................6

         B.     The Petition Should Be Dismissed or Denied Because Petitioners Have
              Not Shown Any Future Action Would Be Cognizable in Federal Court. ....................7

         C.     The Petition Should Be Dismissed or Denied Because It Constitutes an
              Improper Attempt to Obtain Pre-Complaint Discovery..............................................10

         D.     The Petition Should Be Dismissed or Denied Because Petitioners Have
              Not Shown Justice Would Be Delayed or Denied. ......................................................11

         E.     The Petition Should Be Dismissed or Denied Because It Does Not Comply
              With Numerous Other Requirements of Rule 27. ........................................................13

    V.    CONCLUSION. .............................................................................................................15

# TABLE OF AUTHORITIES

## FEDERAL CASES

*Arizona v. California*,
  292 U.S. 341 (1934) .................................................................................................................. 7

*Ash v. Cort*,
  512 F.2d 909 (3d Cir. 1975) .................................................................................................... 12

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) .................................................................................................................. 4

*Balistreri v. Pacifica Police Dept.*,
  901 F.2d 696 (9th Cir. 1988) .................................................................................................... 4

*Bell Atlantic Corp. v. Twombly*,
  550 U.S. 544 (2007) ............................................................................................................. 4, 5

*Dresser Indus., Inc. v. United States*,
  596 F.2d 1231 (5th Cir. 1979) .................................................................................................. 7

*Federation of African Amer. Contractors v. City of Oakland*,
  96 F.3d 1204 (9th Cir. 1996) .................................................................................................... 4

*FW/PBS, Inc. v. City of Dallas*,
  493 U.S. 215 (1990) .................................................................................................................. 8

*In re Allegretti*,
  229 F.R.D. 93 (S.D.N.Y. 2005) ......................................................................................... 10, 11

*In re Alpha Indus., Inc.*,
  159 F.R.D. 456 (S.D.N.Y. 1995) ............................................................................................ 11

*In re Boland*,
  79 F.R.D. 665 (D.D.C. 1978) .............................................................................................. 8, 11

*In re Focus Media, Inc.*,
  378 F.3d 916 (9th Cir. 2004) .................................................................................................... 6

*In re Ford*,
  170 F.R.D. 504 (M.D. Ala. 1997) ..................................................................................... 11, 12

*In re Gurnsey*,
  223 F. Supp. 359 (D.D.C. 1963) ............................................................................................... 7

*In re Judicial Misconduct*,
  751 F.3d 611 (U.S. Jud. Conf. Jan. 17, 2014) .......................................................................... 3

*In re Landry-Bell*,
  232 F.R.D. 266 (W.D. La. 2005) ................................................................................. 11, 12, 14

*In re Liquor Salesmen's Union Local 2D Pension Fund*,
  No. 12-CV-2786 (KAM)(MDG), 2012 WL 2952391 (E.D.N.Y.
  July 19, 2012) .......................................................................................................................... 11

*In re N. Carolina*,
   68 F.R.D. 410 (S.D.N.Y. 1975) .................................................................................... 9, 12

*In re Nabors Loffland Drilling Co.*,
   142 F.R.D. 295 (W.D. La. 1992) .................................................................................... 7, 9

*In re Skerry*,
   No. C-09-80070 MISC CRB (EMC), 2009 WL 1097326 (N.D.
   Cal. Apr. 20, 2009) ................................................................................................... 7, 9, 14

*Love v. United States*,
   915 F.2d 1242 (9th Cir. 1988) .......................................................................................... 4

*Martin v. Reynolds Metals Corp.*,
   297 F.2d 49 (9th Cir. 1961) .......................................................................................... 5, 6

*Moore v. Brewster*,
   96 F.3d 1240 (9th Cir. 1996) ............................................................................................ 8

*Mullis v. U.S. Bankr. Ct. for the Dist. of Nevada*,
   828 F.2d 1385 (9th Cir. 1987) ...................................................................................... 7, 8

*Nevada v. O'Leary*,
   63 F.3d 932 (9th Cir. 1995) ........................................................................................ 10, 11

*Penn Mut. Life Ins. Co. v. United States*,
   68 F.3d 1371 (D.C. Cir. 1995) .................................................................................. 12, 13

*Schroeder v. McDonald*,
   55 F.3d 454 (9th Cir. 1995) ............................................................................................ 14

*Steel Co. v. Citizens for a Better Env't*,
   523 U.S. 83 (1998) ........................................................................................................... 8

*Thornhill Publ. Co. v. Gen'l Tel. & Electrs. Corp.*,
   594 F.2d 730 (9th Cir. 1979) ............................................................................................ 4

*Warth v. Dep't of Justice*,
   595 F.2d 521 (9th Cir. 1979) ............................................................................................ 7

*Washington Envtl. Council v. Bellon*,
   732 F.3d 1131 (9th Cir. 2013) ....................................................................................... 8, 9

*White v. Lee*,
   227 F.3d 1214 (9th Cir. 2000) .......................................................................................... 4

**FEDERAL STATUTES**

28 U.S.C. § 2255 ...................................................................................................................... 8, 9

28 U.S.C. § 351 ............................................................................................................................ 6

28 U.S.C. § 354(a)(1)(B) ............................................................................................................. 3

28 U.S.C. § 357(c) ....................................................................................................................... 9

| | | |
|---|---|---|
| 1 | 28 U.S.C. § 360 | 1, 2 |
| 2 | 28 U.S.C. § 360(a) | 6 |
| 3 | 28 U.S.C. §§ 351-364 | 3 |

**FEDERAL RULES**

| | | |
|---|---|---|
| 5 | Fed. R. Civ. P. 12(b)(1) | 1, 4 |
| 6 | Fed. R. Civ. P. 12(b)(6) | 4 |
| 7 | Fed. R. Civ. P. 27(a) | 5 |
| 8 | Fed. R. Civ. P. 27(a)(1) | 7, 14 |
| 9 | Fed. R. Civ. P. 27(a)(1)(A) | 13 |
| 10 | Fed. R. Civ. P. 27(a)(1)(B) | 13 |
| 11 | Fed. R. Civ. P. 27(a)(1)(C) | 13 |
| 12 | Fed. R. Civ. P. 27(a)(1)(D) | 14 |
| 13 | Fed. R. Civ. P. 27(a)(1)(E) | 10 |
| 14 | Fed. R. Civ. P. 27(a)(2) | 14 |
| 15 | Fed. R. Civ. P. 27(a)(3) | 11 |
| 16 | Fed. R. Civ. P. 34(a)(1)(A) | 6 |
| 17 | Fed. R. Civ. P. 37 | 12 |

Rules for Judicial-Conduct and Judicial-Disability Proceedings,
  248 F.R.D. 674 (U.S. Jud. Conf. 2008). ... 3

Rules for Judicial-Conduct and Judicial-Disability Proceedings 23
  (U.S. Jud. Conf. 2008) ... 6

Rules for Judicial-Conduct and Judicial-Disability Proceedings 23(a)
  (U.S. Jud. Conf. 2008) ... 6

Rules for Judicial-Conduct and Judicial-Disability Proceedings 23(i)
  (U.S. Jud. Conf. 2008) ... 6

Rules for Judicial-Conduct and Judicial-Disability Proceedings 24
  (U.S. Jud. Conf. 2008) ... 6

## NOTICE OF MOTION

PLEASE TAKE NOTICE that Respondents COMMITTEE ON JUDICIAL CONDUCT AND DISABILITY OF THE JUDICIAL CONFERENCE OF THE UNITED STATES and THE OFFICE OF THE CIRCUIT EXECUTIVE CATHY A. CATTERSON, CIRCUIT AND COURT OF APPEALS EXECUTIVE, U.S. COURTS FOR THE NINTH CIRCUIT, will move this Court on October 7, 2014, at 2:00 p.m. in Courtroom 1, 4th Floor, United States Federal Building, 1301 Clay Street, Oakland, California, before the Honorable Yvonne Gonzalez Rogers, United States District Judge, under Fed. R. Civ. P. 12(b)(1), (6) for an order dismissing the Petition (Doc. #1) filed by Petitioners FOUR DIRECTIONS, INDIAN PEOPLE'S ACTIONS and SARA PLAINS FEATHER.  The motion is based on this notice, the memorandum of points and authorities, all the matters of record filed with the Court, and such other evidence as may be submitted.

## STATEMENT OF RELIEF

Respondents move for an order dismissing the Petition under Rule 12(b)(1) or Rule 12(b)(6) or denying the Petition.

## ISSUES TO BE DECIDED

A.  Whether the Petition should be dismissed under Rule 12(b)(1) or Rule 12(b)(6) or denied because the information at issue is confidential and prohibited from disclosure under 28 U.S.C. § 360.

B.  Whether the Petition should be dismissed under Rule 12(b)(1) or Rule 12(b)(6) or denied because Petitioners have not shown there would be federal jurisdiction over any future complaint.

C.  Whether the Petition should be dismissed under Rule 12(b)(1) or Rule 12(b)(6) or denied because Rule 27 cannot be used to discover unknown information.

D.  Whether the Petition should be dismissed under Rule 12(b)(1) or Rule 12(b)(6) or denied because Petitioners have not shown justice would be delayed or denied.

E.  Whether the Petition should be dismissed under Rule 12(b)(1) or Rule 12(b)(6) or denied because it does not comply with numerous other requirements of Rule 27.

RESPONDENTS' CROSS-MOT. TO DISMISS & OPP. TO PRE-COMPL. PET. TO PRESERVE EVIDENCE
C 14-03022 YGR                                                1

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.     INTRODUCTION.[1]

Petitioners ask this Court to direct seven federal judges and the Ninth Circuit Executive to preserve confidential information about a claim of judicial misconduct that, pursuant to 28 U.S.C. § 360, may never be disclosed.  Petitioners are attempting to use Rule 27 to obtain information contained in the confidential "File" of the misconduct investigation and the names of the persons who worked on the "File," so that they can figure out whether they might have a due process claim.  The Petition is improper and defective, and can be dismissed or denied for any of the following reasons: (1) the information at issue is, by statute, confidential and prohibited from disclosure; (2) Petitioners have not shown there would be federal jurisdiction over any future complaint given the judicial and quasi-judicial immunity and lack of standing which would appear to bar jurisdiction; (3) Rule 27 can only be used to perpetuate known information and cannot be used, as Petitioners seek, to discover unknown information; (4) Petitioners have not shown justice would be delayed or denied; and (5) the Petition does not comply with numerous other requirements of Rule 27.

## II.    STATEMENT OF FACTS.

On March 1, 2012, a Complaint of Judicial Misconduct, Docket No. 12-90026, was opened in the United States Court of Appeals for the Ninth Circuit at the request of Richard Cebull, then Chief District Judge for the District of Montana, requesting an inquiry regarding his February 20, 2012, transmittal of an email.  See Order of the Judicial Council of the Ninth Circuit filed on March 15, 2013 (filed at Doc. #1-3 at 13-29) (the "3/15/13 Order"), at 1.  On March 23, 2012, Ninth Circuit Chief Judge Alex Kozinski referred Complaint No. 12-90026 to a Special Committee of the Ninth Circuit for investigation.  See 3/15/13 Order at 3.  Chief Judge Kozinski also referred Complaint No. 12-90032, which had been filed by Third Circuit Chief Judge Theodore A. McKee and arose out of the same events, for inclusion in that investigation.  See id.

Following the conclusion of its investigation, the Special Committee on December 17, 2012,

---

[1] In this cross-motion and opposition, Respondents specially appear for the purpose of contesting the Petition on the merits.  Respondents do not concede they have been properly served and do not waive service, personal jurisdiction or venue and expressly reserve the right to contest those issues as necessary in the future.

1 issued a report pursuant to Judicial-Conduct Rule 17. See id. at 3-4. In its 3/15/13 Order, the Ninth
2 Circuit Judicial Council adopted the Special Committee's findings of fact and took certain actions. See
3 id. at 13-17. Under Rule 20(f) of the Rules for Judicial-Conduct and Judicial-Disability Proceedings, the
4 3/15/13 Order was to be published on May 17, 2013, absent any petition for review. See In re Judicial
5 Misconduct, 751 F.3d 611, 615 (U.S. Jud. Conf. Jan. 17, 2014) (the "1/17/14 Decision").

6      On March 29, 2013, Judge Cebull retired effective May 3, 2013. See Order of the Judicial
7 Council of the Ninth Circuit filed on July 2, 2013 (filed at Doc. #1-3 at 31-37) (the "7/2/13 Order"), at 6.
8 Due to the resulting changed circumstances, the Ninth Circuit Judicial Council vacated the 3/15/13
9 Order on May 13, 2013. See id.; Order of the Judicial Council of the Ninth Circuit filed on May 13,
10 2013 (filed at Doc. #1-3 at 30) (the "5/13/13 Order"). In an order filed on July 2, 2013, the Ninth
11 Circuit Judicial Council held that Judge Cebull's intervening retirement concluded the proceedings and
12 dismissed the complaints as moot. See 7/2/13 Order at 6-7 (citing 28 U.S.C. § 354(a)(1)(B); Judicial-
13 Conduct Rule 20(b)(1)(B)).

14      On January 17, 2014, the Committee on Judicial Conduct and Disability of the Judicial
15 Conference of the United States (the "Committee on Judicial Conduct and Disability") filed the 1/17/14
16 Decision granting petitions for review filed by Chief Judge McKee regarding his complaint against
17 Judge Cebull under the Judicial Conduct and Disability Act of 1980, 28 U.S.C. §§ 351-364, and Rules
18 for Judicial-Conduct and Judicial-Disability Proceedings, 248 F.R.D. 674 (U.S. Jud. Conf. 2008). See
19 Judicial Misconduct, 751 F.3d at 612-13. The Committee on Judicial Conduct and Disability adopted
20 the Ninth Circuit Judicial Council's 3/15/13 Order and published it as the final order disposing of Judge
21 Cebull's and Chief Judge McKee's complaints on the merits, declaring certain provisions inoperative.
22 See id. at 618. The Committee on Judicial Conduct and Disability also attached to and published with
23 the 1/17/14 Decision the Ninth Circuit Judicial Council's 5/13/13 Order and 7/2/13 Order. See id. at
24 618-19.

25      On July 1, 2014, Petitioners filed the instant Petition pursuant to Rule 27(a)(1). Doc. #1.
26 Petitioners request an order directing Respondents to preserve all of the "File" (defined by Petitioners as
27 "[t]he notes, records, interviews, subject emails, etc." relating to the investigation into Judge Cebull's
28 conduct, see id. ¶ 2), and to disclose a list of all persons who worked on the File. See id. at 6:11-13.

## III. LEGAL STANDARD.

### A. Rule 12(b)(1).

A Rule 12(b)(1) motion can attack either the sufficiency of the pleadings to establish federal jurisdiction or challenge the substance of the jurisdictional allegations despite the formal sufficiency of the complaint. Thornhill Publ. Co. v. Gen'l Tel. & Electrs. Corp., 594 F.2d 730, 733 (9th Cir. 1979). When a motion to dismiss attacks the allegations of the complaint as insufficient to confer subject matter jurisdiction, the standard is the same as under a Fed. R. Civ. P. 12(b)(6) motion. See Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1988). That standard is set forth below.

When a defendant challenges the actual lack of jurisdiction, the plaintiff's allegations are not presumed to be truthful, and the plaintiff has the burden of proving the court has jurisdiction. Thornhill Publ. Co., 594 F.2d at 733 (citation omitted). The court may look beyond the complaint to matters of public record without converting the motion into one for summary judgment. White v. Lee, 227 F.3d 1214, 1242 (9th Cir. 2000) (citations omitted).

### B. Rule 12(b)(6).

Fed. R. Civ. P. 12(b)(6) permits dismissal upon the "failure to state a claim upon which relief can be granted." Dismissal may be based on either: (1) lack of a cognizable legal theory, or (2) insufficient facts under a cognizable legal theory. See Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1988) (citation omitted). Review is limited to the contents of the complaint, and all allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party. See Federation of African Amer. Contractors v. City of Oakland, 96 F.3d 1204, 1207 (9th Cir. 1996) (citations omitted).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). To meet the facial plausibility standard, a plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.''" Iqbal, 556 U.S. at

678 (citing Twombly, 550 U.S. at 557).  "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Twombly, 550 U.S. at 555 (citation omitted).

### C. Rule 27(a).

Rule 27(a) governs the perpetuation of testimony and reads in pertinent part:

**(a) Before an Action Is Filed.**

    **(1)** *Petition*.  A person who wants to perpetuate testimony about any matter cognizable in a United States court may file a verified petition in the district court for the district where any expected adverse party resides. The petition must ask for an order authorizing the petitioner to depose the named persons in order to perpetuate their testimony. The petition must be titled in the petitioner's name and must show:

    **(A)**    that the petitioner expects to be a party to an action cognizable in a United States court but cannot presently bring it or cause it to be brought;
    **(B)**    the subject matter of the expected action and the petitioner's interest;
    **(C)**    the facts that the petitioner wants to establish by the proposed testimony and the reasons to perpetuate it;
    **(D)**    the names or a description of the persons whom the petitioner expects to be adverse parties and their addresses, so far as known; and
    **(E)**    the name, address, and expected substance of the testimony of each deponent.

    **(2)** *Notice and Service.*  At least 21 days before the hearing date, the petitioner must serve each expected adverse party with a copy of the petition and a notice stating the time and place of the hearing. The notice may be served either inside or outside the district or state in the manner provided in Rule 4. If that service cannot be made with reasonable diligence on an expected adverse party, the court may order service by publication or otherwise. The court must appoint an attorney to represent persons not served in the manner provided in Rule 4 and to cross-examine the deponent if an unserved person is not otherwise represented. If any expected adverse party is a minor or is incompetent, Rule 17(c) applies.

    **(3)** *Order and Examination.*  If satisfied that perpetuating the testimony may prevent a failure or delay of justice, the court must issue an order that designates or describes the persons whose depositions may be taken, specifies the subject matter of the examinations, and states whether the depositions will be taken orally or by written interrogatories. The depositions may then be taken under these rules, and the court may issue orders like those authorized by Rules 34 and 35. A reference in these rules to the court where an action is pending means, for purposes of this rule, the court where the petition for the deposition was filed.

Fed. R. Civ. P. 27(a).

The purpose of the reference to Rules 34 and 35 in subpart (a)(3) is to make those rules applicable in proceedings to perpetuate testimony.  See Martin v. Reynolds Metals Corp., 297 F.2d 49, 56 (9th Cir. 1961).  Rule 34 permits a party to request, among other things, the production of documents.

See Fed. R. Civ. P. 34(a)(1)(A). "Of course, the showing required by Rule 27 must first be made before Rule 34 comes into play." Martin, 297 F.2d at 56.

## IV. ARGUMENT.

### A. The Petition Should Be Dismissed or Denied Because the Requested Information is Confidential and Prohibited From Disclosure by Statute.

28 U.S.C., chapter 16, governs complaints against judges and judicial discipline. Section 360 governs the disclosure of information under that chapter and provides that, except for limited circumstances not applicable here, all papers, documents, and records of proceedings are confidential and shall not be disclosed:

> **(a) Confidentiality of proceedings.**--Except as provided in section 355, <u>all papers, documents, and records of proceedings related to investigations conducted under this chapter shall be confidential and shall not be disclosed by any person in any proceeding</u> except to the extent that--
>
> (1) the judicial council of the circuit in its discretion releases a copy of a report of a special committee under section 353(c) to the complainant whose complaint initiated the investigation by that special committee and to the judge whose conduct is the subject of the complaint;
>
> (2) the judicial council of the circuit, the Judicial Conference of the United States, or the Senate or the House of Representatives by resolution, releases any such material which is believed necessary to an impeachment investigation or trial of a judge under article I of the Constitution; or
>
> (3) such disclosure is authorized in writing by the judge who is the subject of the complaint and by the chief judge of the circuit, the Chief Justice, or the chairman of the standing committee established under section 331.

28 U.S.C. § 360(a) (underlining added); see also Rules for Judicial-Conduct and Judicial-Disability Proceedings ("Judicial-Conduct Rules") 23, 24 (U.S. Jud. Conf. 2008); In re Focus Media, Inc., 378 F.3d 916, 921 n.2 (9th Cir. 2004).

Judge Cebull did not waive confidentiality of the judicial misconduct investigation file, nor would he have had the authority to do so. Pursuant to Judicial-Conduct Rule 23(i), Judge Cebull acknowledged that he was the subject of proceedings under the Judicial Conduct and Disability Act, 28 U.S.C. § 351 et seq. With Judge Cebull's consent, Chief Judge Kozinski disclosed the existence of those proceedings and that Judge Cebull was the subject judge. See Judicial-Conduct Rule 23(a). Because the requested information remains confidential and is prohibited from disclosure by statute, the

Petition should be dismissed or denied.[2]  Cf. In re Gurnsey, 223 F. Supp. 359, 360-61 (D.D.C. 1963) (holding that Rule 27 relief was not appropriate when the information sought was absolutely privileged).

### B. The Petition Should Be Dismissed or Denied Because Petitioners Have Not Shown Any Future Action Would Be Cognizable in Federal Court.

Petitioners must show any future action for which they seek to perpetuate testimony would be "cognizable in a United States court."  Fed. R. Civ. P. 27(a)(1), (a)(1)(A).  At minimum, this means "'there must be some basis of federal jurisdiction.  In other words, the petitioner must show that the contemplated action for which the testimony is being perpetuated will be a matter for which federal jurisdiction exists.'"  In re Skerry, No. C-09-80070 MISC CRB (EMC), 2009 WL 1097326, at *2 (N.D. Cal. Apr. 20, 2009) (quoting 6-27 Moore's Fed. Prac.-Civ. § 27.10[1]); see also Dresser Indus., Inc. v. United States, 596 F.2d 1231, 1238 (5th Cir. 1979) ("There need not be an independent basis of federal jurisdiction in a proceeding to perpetuate, but it must be shown that in the contemplated action, for which the testimony is being perpetuated, federal jurisdiction would exist and thus is a matter that may be cognizable in the federal courts.") (citing Arizona v. California, 292 U.S. 341, 347 (1934)).  If "it appears that no basis of federal jurisdiction would exist in the contemplated action," then the court lacks jurisdiction to address the Petition and should dismiss it under Rule 12(b)(1).  In re Nabors Loffland Drilling Co., 142 F.R.D. 295, 296 (W.D. La. 1992).

The Petition should be dismissed or denied because Petitioners have not shown there would be federal jurisdiction over any contemplated future action.  Although Petitioners have not identified the substance of the contemplated action or the putative defendant, it appears they hope to bring a due process claim.  See Doc. #1 ¶ 14.  Such a claim would encounter at least two jurisdictional hurdles: immunity and lack of standing.

First, any due process claim against a federal judge or court clerk would appear to be barred by absolute judicial or quasi-judicial immunity.  "Judges are absolutely immune from civil liability for damages for their judicial acts."  Mullis v. U.S. Bankr. Ct. for the Dist. of Nevada, 828 F.2d 1385, 1388

---

[2] Nor may the requested information be obtained under the Freedom of Information Act ("FOIA").  "Courts are exempt from the FOIA's disclosure requirements in order to assure that the Act would not impinge upon the court's authority to control the dissemination of its documents to the public."  Warth v. Dep't of Justice, 595 F.2d 521, 523 (9th Cir. 1979).

RESPONDENTS' CROSS-MOT. TO DISMISS & OPP. TO PRE-COMPL. PET. TO PRESERVE EVIDENCE
C 14-03022 YGR                                               7

1  (9th Cir. 1987); accord Moore v. Brewster, 96 F.3d 1240, 1243 (9th Cir. 1996), superseded by statute on
2  other grounds. "Court clerks have absolute quasi-judicial immunity from damages for civil rights
3  violations when they perform tasks that are an integral part of the judicial process." Mullis, 828 F.2d at
4  1390. "The judicial or quasi-judicial immunity available to federal officers is not limited to immunity
5  from damages, but extends to actions for declaratory, injunctive and other equitable relief." Id. at 1394.
6  Judicial or quasi-judicial immunity would appear to bar any suit against, for example, a federal judge
7  who sat on the Committee on Judicial Conduct and Disability which issued the 1/17/14 Decision, a
8  federal judge who was on the Ninth Circuit Judicial Council when it issued the 3/15/13, 5/13/13, and
9  7/2/13 Orders, Judge Cebull for actions he took as a district judge acting in his federal judicial capacity,
10 or Cathy Catterson for actions she took as Ninth Circuit Court and Circuit Executive concerning the
11 misconduct complaints. Thus, the Petition should be dismissed or denied. Cf. In re Boland, 79 F.R.D.
12 665, 668-69, 669 n.7 (D.D.C. 1978) (holding, in the context of congressional immunity, that it was
13 "certainly wholly inappropriate" to require potential defendants who might have such immunity to be
14 deposed under Rule 27 "without the framework of a properly drawn lawsuit" and further noting that, if
15 they were immune, the proposed action would not be cognizable within the United States courts under
16 Rule 27(a)).

17      The second jurisdictional hurdle is standing. "A plaintiff must demonstrate standing for each
18 claim he or she seeks to press and for each form of relief sought." Washington Envtl. Council v. Bellon,
19 732 F.3d 1131, 1139 (9th Cir. 2013). "The 'irreducible constitutional minimum of standing' contains
20 three requirements": injury in fact, causation and redressability. Steel Co. v. Citizens for a Better Env't,
21 523 U.S. 83, 103-04 (1998). "[S]tanding 'is perhaps the most important of [the jurisdictional]
22 doctrines.'" FW/PBS, Inc. v. City of Dallas, 493 U.S. 215, 231 (1990) (second set of brackets in
23 original; citation omitted).

24      Far from showing they would have standing to bring any potential action, Petitioners openly
25 speculate whether they would:

26 • Petitioner Four Directions is alleged to be "a credentialed advocacy program for Native
27   Americans and minorities, of which *some members may have* habeas or other 28 U.S.C.
28   § 2255 claims that are running." Doc. #1 ¶ 8 (emphasis added). The emphasized portion

RESPONDENTS' CROSS-MOT. TO DISMISS & OPP. TO PRE-COMPL. PET. TO PRESERVE EVIDENCE
C 14-03022 YGR                                   8

        shows the speculative nature of any potential standing.

- Petitioner Indian People's Action is alleged to be "a credentialed advocacy program for Native Americans, of which *some members may have* habeas or other 28 U.S.C. § 2255 claims that are running." Doc. #1 ¶ 9 (emphasis added). Again, the emphasized portion shows the speculative nature of any potential standing.

- Petitioner Sara Plains Feather is alleged to be "a former litigant before Judge Cebull." Doc. #1 ¶ 10. The Petition does not explain what the former litigation entailed or why it is relevant, much less show Petitioner Sara Plains Feather would have standing to bring an action cognizable in federal court.

Moreover, to the extent Petitioners Four Directions and Indian People's Action are organizations, they have not shown they would have organizational standing to bring any action. See Bellon, 732 F.3d at 1139 ("Where, as here, plaintiffs are organizations, they may assert standing on behalf of their members as long as the 'members would otherwise have standing to sue in their own right, the interests at stake are germane to the organization's purpose, and neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit.'") (citations omitted).

Given the immunity and standing obstacles, Petitioners have not shown their contemplated due process claim would fall within federal jurisdiction.[3] The Petition should therefore be dismissed or denied. See Skerry, 2009 WL 1097326, at *2 (denying a Rule 27 petition when the expected criminal action was not a federal but a state action); Nabors Loffland Drilling Co., 142 F.R.D. at 296 (dismissing a Rule 27 petition when "it appears that no basis of federal jurisdiction would exist in the contemplated action"); In re N. Carolina, 68 F.R.D. 410, 412 (S.D.N.Y. 1975) (denying a Rule 27 petition when the petitioner was "unable even to demonstrate that the anticipated action will be within federal jurisdiction.").

---

[3] To the extent Petitioners might contemplate a claim seeking judicial review of the actions of the Committee on Judicial Conduct and Disability, that claim, too, would not be cognizable in federal court. Judicial review of the actions of that committee and the Judicial Conference is barred by statute. See 28 U.S.C. § 357(c) (captioned "**No judicial review**" and stating that "all orders and determinations . . . shall be final and conclusive and shall not be judicially reviewable on appeal or otherwise.").

RESPONDENTS' CROSS-MOT. TO DISMISS & OPP. TO PRE-COMPL. PET. TO PRESERVE EVIDENCE
C 14-03022 YGR          9

### C. The Petition Should Be Dismissed or Denied Because It Constitutes an Improper Attempt to Obtain Pre-Complaint Discovery.

The Petition should be dismissed or denied because it is an improper attempt to conduct pre-complaint discovery that exceeds the scope of Rule 27, as Petitioners concede: "Petitioners respectfully request that the Court in the instant case *expand* the scope of Rule 27 to permit *pre-complaint discovery* of the File in order to permit them to determine *whether or not* a due process complaint may be filed." Doc. #1 at 5:8-10 (emphasis added).  Ninth Circuit law is clear that Rule 27 may not be used for such a purpose: "[W]e hold that Rule 27 is not appropriate where, as here, the petitioner seeks discovery of unknown information that the petitioner hopes will assist it in the future when the petitioner applies for judicial relief." Nevada v. O'Leary, 63 F.3d 932, 933 (9th Cir. 1995).

In O'Leary, the petitioner sought to use Rule 27 to obtain testimony that might help it challenge anticipated government decisions. Id. at 935.  The petitioner sought "opinions, thoughts, views, and background information that [was] as yet completely unknown to the petitioner." Id. at 936.  The Ninth Circuit explained that Rule 27 "requires that the testimony to be perpetuated must be 'known testimony.'" Id. at 936 (citation omitted); see also Fed. R. Civ. P. 27(a)(1)(E) (requiring a petition to show, among other things, "the expected substance of the testimony of each deponent").  Because the petitioner could not "set forth the substance of the testimony, nor [could] it show that it would be admissible in any later litigation," the Ninth Circuit affirmed the district court's denial of the petition. O'Leary, 63 F.3d at 936.

The key distinction is between perpetuating known testimony, which Rule 27 permits, and discovering unknown testimony, which Rule 27 does not permit. See id.  "It is well-established in case law that perpetuation means the perpetuation of *known* testimony. In other words, Rule 27 may not be used as a vehicle for discovery prior to filing a complaint." In re Allegretti, 229 F.R.D. 93, 96 (S.D.N.Y. 2005) (italics in original).  The same principle applies when a petitioner seeks documents under Rule 27. See id. at 98 (denying a Rule 27 petition when the petitioners "failed to demonstrate that the information that lies within the sought-after documents is known to the petitioners.").

In Allegretti, the petitioners allegedly planned to file a lawsuit in a business dispute and sought to use Rule 27 to take a deposition and preserve documentary evidence. See id. at 93-95.  The court

denied the petition, finding "that petitioners are seeking a Rule 27 order not to collect known testimony but to ascertain unknown information, an undertaking that falls outside the limited purposes of the Rule." Id. at 98.  In In re Ford, the petitioner administered the estate of a deceased and sought to use Rule 27 to engage in pre-complaint discovery to determine the basic facts surrounding the death.  170 F.R.D. 504, 506 (M.D. Ala. 1997).  The court denied the petition because the petitioner sought "to discover or uncover testimony, not perpetuate it."  Id. at 507.  Like the petitioners in O'Leary, Allegretti and Ford, Petitioners here seek not to perpetuate known information, but rather to discover unknown information.  That is not authorized under Rule 27, nor have Petitioners shown the information would be admissible in later litigation.  See O'Leary, 63 F.3d at 936.  Thus, the Petition should be dismissed or denied.

Petitioners' cases indicating Rule 27 may be used to discover facts to draft a complaint are not persuasive for at least three reasons.  See Pet. ¶ 15.  First, they cannot override the Ninth Circuit's controlling decision that "Rule 27 is not appropriate where, as here, the petitioner seeks discovery of unknown information that the petitioner hopes will assist it in the future when the petitioner applies for judicial relief."  O'Leary, 63 F.3d at 933.  Second, they are outliers.  "[I]t is well settled that Rule 27(a) 'is not a method of discovery to determine whether a cause of action exists; and, if so, against whom action should be instituted.'"  Boland, 79 F.R.D. at 668 (citations omitted).  "Courts generally agree that to allow Rule 27 to be used for the purpose of discovery before an action is commenced to enable a person to fish for some ground for bringing suit would be 'an abuse of the rule.'"  In re Landry-Bell, 232 F.R.D. 266, 267 (W.D. La. 2005) (citation omitted).  Third, Petitioners' reliance on In re Alpha Indus., Inc., 159 F.R.D. 456 (S.D.N.Y. 1995), is particularly misplaced.  That case "does not represent the majority view" and has "been seriously questioned in [the Second Circuit] and beyond."  In re Liquor Salesmen's Union Local 2D Pension Fund, No. 12-CV-2786 (KAM)(MDG), 2012 WL 2952391, at *5 (E.D.N.Y. July 19, 2012) (citations omitted).

**D.   The Petition Should Be Dismissed or Denied Because Petitioners Have Not Shown Justice Would Be Delayed or Denied.**

A petition under Rule 27 should be granted only if "perpetuating the testimony may prevent a failure or delay of justice."  Fed. R. Civ. P. 27(a)(3).  Petitioners have not made this showing.  First, they

have not shown the requested information will be lost if the Petition is not granted. "Rule 27 properly applies only in that special category of cases where it is necessary to prevent testimony from being lost." Ash v. Cort, 512 F.2d 909, 911 (3d Cir. 1975). Petitioners must "demonstrate an immediate need to perpetuate testimony." Penn Mut. Life Ins. Co. v. United States, 68 F.3d 1371, 1375 (D.C. Cir. 1995). General allegations that evidence may be lost are not sufficient. Id. "Simply alleging that testimony or information may be lost, destroyed or unrecoverable in the future is, at best, vague and conclusory." Landry-Bell, 232 F.R.D. at 267.

Petitioners have not alleged that the identities of the persons who worked on the File will be lost. Nor have they presented any facts indicating an immediate need to preserve the File. They merely speculate that "*maybe* more USDOJ employees[] *might* withhold vital parts of The File in our contemplated action." Doc. #1 at 6:3-4 (emphasis added). There are no facts offered to support this speculation aside from Petitioners' claim that Brady violations have increased. But that is neither here nor there. Petitioners have alleged no facts showing any connection between Brady violations arising out of criminal prosecutions and the alleged possible withholding of the File in an unidentified, speculated, future civil due process action.

Second, even assuming *arguendo* that parts of the File "might" be withheld in future litigation, there is still no indication the File is at risk of being lost or destroyed so as to create "an immediate need to perpetuate testimony." Penn Mut. Life Ins. Co., 68 F.3d at 1375. If, in a future action, information is withheld in discovery by either side, the Federal Rules provide an avenue for relief: a motion to compel. See Fed. R. Civ. P. 37. Rule 27 is a mechanism to perpetuate known testimony, not a pre-emptive substitute for Rule 37. Petitioners' conclusory speculation about possible withholding does not justify relief under Rule 27 and thus the Petition should be dismissed or denied. See Landry-Bell, 232 F.R.D. at 267 (denying a Rule 27 petition when no facts were alleged showing information would be lost or destroyed); Ford, 170 F.R.D. at 507 (denying a Rule 27 petition when there was "nothing before the court to indicate that [the requested deponent's] testimony was in imminent danger of being lost."); N. Carolina, 68 F.R.D. at 412 (denying a Rule 27 petition when there was "no showing that these files are in danger of being destroyed.").

Finally, even if Petitioners had shown a risk of loss or destruction, that still would not suffice.

1  They would also have to show two other things.  First, they would have to "demonstrate a need for [the
2  information] that cannot easily be accommodated by other potential witnesses" or documents.  Penn
3  Mut. Life Ins. Co., 68 F.3d at 1375.  Petitioners' counsel declares he is "interviewing witnesses
4  regarding the anticipated action concerning the File."  Doc. #1-2 ¶ 3.  Petitioners have not shown they
5  cannot obtain the information they need from those witnesses.  Second, Petitioners would have to show
6  the requested information is legally relevant to their contemplated claim.  See id. ("perpetuation of
7  testimony that is not legally relevant to appellants' claims is unnecessary to 'prevent a failure or delay of
8  justice.'").  Petitioners have made no showing Respondents have "unique knowledge" that is "legally
9  relevant" to their speculated due process claim.  Id.  Thus, the Petition should be dismissed or denied.

### E. The Petition Should Be Dismissed or Denied Because It Does Not Comply With Numerous Other Requirements of Rule 27.

In addition to the deficiencies set forth above, the Petition fails to satisfy many other requirements of Rule 27.  First, Petitioners have failed to show they "expect to be a party to an action."  Fed. R. Civ. P. 27(a)(1)(A).  They cannot make this showing because, as the Petition makes clear, they do not even know if they will have a claim.  Petitioners admit they hope to use Rule 27 to conduct "pre-complaint discovery of the File in order to permit them to determine *whether or not* a due process complaint may be filed."  Doc. #1 ¶ 15 (emphasis added).  Far from containing facts showing Petitioners "expect to be a party to an action," the Petition merely speculates that they might potentially have a cause of action: "All of these groups have been *potentially* affected by the bias that was contained in the email messages sent by Judge Cebull and by any bias that Judge Cebull *might* have used in deciding the hundreds of cases that came before him while he was a District Court Judge."  Id. ¶ 5 (emphasis added).

Second, Petitioners have not shown "the subject matter of the expected action and the petitioner's interest."  Fed. R. Civ. P. 27(a)(1)(B).  The allegation in the Petition pertaining to this requirement is perfunctory and conclusory.  See Doc. #1 ¶ 14.  Petitioners have not explained what their potential due process claims are or the factual or legal underpinnings.  Likewise, Petitioners have not shown their interest in the contemplated due process action.

Third, Petitioners have not shown "the facts that [they] want[] to establish by the proposed testimony and the reasons to perpetuate it."  Fed. R. Civ. P. 27(a)(1)(C).  As to the File, Petitioners have

not explained what facts they want to establish by having the File preserved, nor the reasons to do so. Nor have Petitioners shown any reason to perpetuate the list of persons who worked on the File. Petitioners have not explained, for instance, whether or how those persons' identities would be relevant to any contemplated due process claim.

Fourth, Petitioners have not identified "the persons whom the petitioner[s] expect[] to be adverse parties." Fed. R. Civ. P. 27(a)(1)(D). They have not stated against whom they would bring their due process claim. This is important not only because it is an express requirement of Rule 27, but also because the adverse party, as stated above, could have immunity.

Fifth, Rule 27 requires Petitioners to "serve each expected adverse party with a copy of the petition and a notice stating the time and place of the hearing." Fed. R. Civ. P. 27(a)(2). Because Petitioners have not even identified the expected adverse parties, they cannot show they served them. Cf. Landry-Bell, 232 F.R.D. at 267 (stating "it appears the requirements of 27(a)(2) have not yet been met" when there was no indication that notice or service had been made or attempted on the anticipated adverse parties).

Sixth, because Petitioners have not identified the expected adverse parties, they cannot show venue is proper. Under Rule 27, the petition may be filed "in the district court for the district where any expected adverse party resides." Fed. R. Civ. P. 27(a)(1). There is no showing that any expected adverse party resides in this district. Cf. Skerry, 2009 WL 1097326, at *2 (noting that "it does not appear that any adverse party resides in this District").

Finally, the Petition is not verified as required by Rule 27(a)(1). To be verified, a petition must contain a statement under penalty of perjury that the contents are true and correct. See Schroeder v. McDonald, 55 F.3d 454, 460 n.10 (9th Cir. 1995). The Petition contains no such statement. See Doc. #1. Furthermore, although Petitioner's counsel filed a declaration in support of the Petition declaring under penalty of perjury that the contents of the declaration are true and correct, there is no statement under penalty of perjury that the contents of the Petition are true and correct. See Doc. #1-2.

1 **V.    CONCLUSION.**

2   For the foregoing reasons, the Petition should be dismissed or denied.

Respectfully submitted,

MELINDA HAAG
United States Attorney

DATED: August 14, 2014

_____/s/_____
NEILL T. TSENG
Assistant United States Attorney
Attorneys for Respondents

RESPONDENTS' CROSS-MOT. TO DISMISS & OPP. TO PRE-COMPL. PET. TO PRESERVE EVIDENCE
C 14-03022 YGR                                      15