1   MELINDA HAAG (CSBN 132612)
    United States Attorney
2   ALEX G. TSE (CSBN 152348)
    Chief, Civil Division
3   NEILL T. TSENG (CSBN 220348)
    Assistant United States Attorney
4
        450 Golden Gate Avenue, Box 36055
5       San Francisco, California 94102-3495
        Telephone: (415) 436-7155
6       FAX: (415) 436-6748
        neill.tseng@usdoj.gov
7
    Attorneys for Respondents
8

9                   UNITED STATES DISTRICT COURT

10                NORTHERN DISTRICT OF CALIFORNIA

11                      OAKLAND DIVISION

12

13   FOUR DIRECTIONS, ET AL.,              )   CASE NO. C 14-03022 YGR
                                           )
14          Petitioners,                   )   **RESPONDENTS' MOTION TO DISMISS AND**
                                           )   **OPPOSITION TO FIRST AMENDED PRE-**
                                           )   **COMPLAINT PETITION TO PRESERVE**
          v.                               )   **EVIDENCE**
15                                         )
    COMMITTEE ON JUDICIAL CONDUCT          )
16   AND DISABILITY OF THE JUDICIAL        )   Date: January 13, 2015
    CONFERENCE OF THE UNITED STATES,       )   Time: 2:00 p.m.
17   ET AL.,                               )   Place: Courtroom 1, 4th Floor, 1301 Clay Street,
                                           )   Oakland, California
18          Respondents.                   )
    _____   )   Honorable Yvonne Gonzalez Rogers
19

20

21

22

23

24

25

26

27

28

## NOTICE OF MOTION

PLEASE TAKE NOTICE that Respondents COMMITTEE ON JUDICIAL CONDUCT AND DISABILITY OF THE JUDICIAL CONFERENCE OF THE UNITED STATES and THE OFFICE OF THE CIRCUIT EXECUTIVE CATHY A. CATTERSON, CIRCUIT AND COURT OF APPEALS EXECUTIVE, U.S. COURTS FOR THE NINTH CIRCUIT, will move this Court on January 13, 2015, at 2:00 p.m. in Courtroom 1, 4th Floor, United States Federal Building, 1301 Clay Street, Oakland, California, before the Honorable Yvonne Gonzalez Rogers, United States District Judge, under Fed. R. Civ. P. 12(b)(1), (6) for an order dismissing the First Amended Pre-Complaint Petition to Preserve Evidence (the "Amended Petition") (Doc. #34) filed by Petitioners FOUR DIRECTIONS, INDIAN PEOPLE'S ACTIONS, SARA PLAINS FEATHER, and CLIFFORD BIRD IN GROUND.  The motion is based on this notice, the memorandum of points and authorities, all the matters of record filed with the Court, and such other evidence as may be submitted.

## STATEMENT OF RELIEF

Respondents move for an order dismissing the Amended Petition under Rule 12(b)(1) or Rule 12(b)(6) or denying the Amended Petition.

## ISSUES TO BE DECIDED

A.    Whether the Amended Petition should be dismissed under Rule 12(b)(1) or Rule 12(b)(6) or denied because the information at issue is confidential and prohibited from disclosure under 28 U.S.C. § 360.

B.    Whether the Amended Petition should be dismissed under Rule 12(b)(1) or Rule 12(b)(6) or denied because Petitioners have not shown there would be federal jurisdiction over any future complaint.

C.    Whether the Amended Petition should be dismissed under Rule 12(b)(1) or Rule 12(b)(6) or denied because Rule 27 cannot be used to discover unknown information.

D.    Whether the Amended Petition should be dismissed under Rule 12(b)(1) or Rule 12(b)(6) or denied because Petitioners have not shown justice would be delayed or denied.

E.    Whether the Amended Petition should be dismissed under Rule 12(b)(1) or Rule 12(b)(6) or denied because it does not comply with numerous other requirements of Rule 27.

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2

**I.     INTRODUCTION. [1]**

3       Petitioners had their original Petition (Doc. #1) dismissed with leave to amend because they

4    failed to satisfy the requirements of Rule 27 and failed to overcome the statutory bar to disclosure.  The

5    Amended Petition fails to cure these defects and Petitioners continue to use Rule 27 improperly in an

6    attempt to obtain information from a confidential File to determine *if* they have a potential claim.  The

7    Amended Petition should be dismissed or denied for the same reasons as before: (1) the information at

8    issue is, by statute, confidential and prohibited from disclosure; (2) Petitioners have not shown there

9    would be federal jurisdiction over any future action given obstacles of standing and immunity; (3) Rule

10   27 can only be used to perpetuate known information and not to discover unknown information; (4)

11   Petitioners have not shown justice would be delayed or denied; and (5) the Amended Petition does not

12   comply with numerous other requirements of Rule 27.

13   **II.    STATEMENT OF FACTS.**

14      Respondents hereby refer to and fully incorporate by reference the statement of facts contained

15   in section II of Respondents' Cross-Motion to Dismiss and Opposition to Pre-Complaint Petition to

16   Preserve Evidence ("Respondents' First MTD") (Doc. #19).

17      After Respondents' First MTD was filed, a hearing was held on October 7, 2014, and on October

18   28, 2014, the Court granted Respondents' First MTD with leave to amend.  (Doc. #32.)  Petitioners filed

19   the Amended Petition on November 14, 2014.  (Doc. #34.)

20   **III.   LEGAL STANDARD.**

21      Respondents hereby refer to and fully incorporate by reference the legal standard contained in

22   section III of Respondents' First MTD.

23   **IV.    ARGUMENT.**

24      Respondents hereby refer to and fully incorporate by reference all of the arguments contained in

25   section IV of Respondents' First MTD and in section II of Respondents' first reply brief ("Respondents'

26

27   ───────────────

[1] In this motion and opposition, Respondents specially appear for the purpose of contesting the
Amended Petition on the merits.  Respondents do not concede they have been properly served and do

28   not waive service, personal jurisdiction or venue and expressly reserve the right to contest those issues
as necessary in the future.

RESPONDENTS' CROSS-MOT. TO DISMISS & OPP. TO PRE-COMPL. PET. TO PRESERVE EVIDENCE
C 14-03022 YGR                                    2

1    First Reply") (Doc. #26).  Respondents here address only new arguments or allegations raised by the

2    Amended Petition.

      **A.**      **The Amended Petition Should Be Dismissed or Denied Because the Requested**
3                   **Information is Confidential and Prohibited From Disclosure by Statute.**

4

5          The requested information is barred from disclosure by 28 U.S.C. § 360(a).  The case from the

6    District Court for the District of Montana, <u>Cox v. McClean</u>, No. CV 14-199-M-DLC, 2014 WL 4824808

7    (D. Mont. Sept. 30, 2014) (a copy of the order handed out by Petitioners' counsel at the hearing is

8    attached hereto as Appendix A), does not alter that conclusion and is not on point.  The plaintiff in <u>Cox</u>

9    had filed a complaint with the Montana Judicial Standards Commission against a Montana state judge,

10   and the Commission dismissed the complaint and informed the plaintiff of its decision by letter.  <u>See</u> <u>id.</u>

11   at 3-4. The plaintiff sought to publish his complaint and the letter.  <u>See</u> <u>id.</u> at 4.  However, under

12   Montana law, he could be charged with contempt if he did so.  <u>See</u> <u>id.</u> at 6.  He thus moved for a

13   preliminary injunction enjoining the defendants from prosecuting him if he published the complaint and

14   letter.  <u>See</u> <u>id.</u> at 2.  He contended the potential contempt charge violated his rights under the First

15   Amendment.  <u>See</u> <u>id.</u> at 6.  The court, applying a four-part test for preliminary injunctions, granted the

16   preliminary injunction, permitting him to publish the complaint and letter without being punished for

17   contempt.  <u>See</u> <u>id.</u> at 17.  The court concluded, among other things, that the plaintiff had made a

18   colorable claim that his First Amendment rights had been infringed.  <u>See</u> <u>id.</u> at 7.

19         <u>Cox</u> does not overcome the bar to disclosure in § 360(a) for numerous reasons.  <u>First</u>, <u>Cox</u> had

20   nothing to do with § 360, but concerned certain provisions of the Montana Constitution that are not at

21   issue in this case.  <u>Second</u>, <u>Cox</u> did not involve Rule 27, but arose under the very different posture of a

22   motion for preliminary injunction.  <u>Third</u>, whereas Petitioners seek to have the File preserved and to

23   obtain a list of all persons who worked on the File, the plaintiff in <u>Cox</u>, by contrast, did "***not*** seek

24   internal Commission documents such as the Commission's correspondence with the judge named in the

25   complaint, the identity of witnesses, or transcripts of the proceedings."  App. A at 4 (emphasis added).

26         <u>Fourth</u>, unlike <u>Cox</u>, Petitioners' First Amendment rights have not been implicated.  In <u>Cox</u>, the

27   plaintiff already had the information at issue and wished to publish it, but was restrained from doing so

28   by the threat of contempt.  Petitioners, by contrast, do not even have the information at issue, and instead

RESPONDENTS' CROSS-MOT. TO DISMISS & OPP. TO PRE-COMPL. PET. TO PRESERVE EVIDENCE
C 14-03022 YGR                   3

1  seek to have it preserved or produced.  Petitioners have not been threatened with contempt if they

2  publish anything.

3      Fifth, the confidentiality statutes are applied in fundamentally different ways between the two

4  cases.  In Cox, the confidentiality statute was used to restrain the *plaintiff* from publishing certain

5  information, whereas here, § 360 prohibits *Respondents* from providing the requested information to

6  Petitioners.  Cox simply does not apply.

7  **B.    The Amended Petition Should Be Dismissed or Denied Because Petitioners Have
         Not Shown Any Future Action Would Be Cognizable in Federal Court.**

8

9      Petitioners cannot show there would be federal jurisdiction over any future action.  They

10  allegedly "anticipate filing an action pursuant to 42 U.S.C. § 1981 and 42 U.S.C. § 1983 to pursue the

11  violations of their constitutional rights to equal treatment under the law."  Doc. #34 ¶ 14(d).  But they

12  have not shown federal jurisdiction would lie given standing and immunity obstacles.

13      Initially, Petitioners do not show they would have standing.  The Amended Petition remains full

14  of speculation about whether Petitioners may or may not have a claim.  See Doc. #34 ¶¶ 5, 8, 9, 12

15  (containing speculative words such as "potentially," "might," "may," "if" and "possible").  The whole

16  purpose of this action is so Petitioners can have the File preserved and eventually review the emails

17  therein to determine if they support a legal claim.  If they do not, then Petitioners will not have standing

18  to sue for anything.  As Petitioners themselves stated in their last brief: "Until Petitioners are able to

19  establish evidence of the nature of such claims, ***they cannot determine whether they or their members***

20  ***have standing to sue***."  Doc. #22 at 15:8-11 (emphasis added).  Petitioners, at this point, cannot show

21  they would have standing to sue.

22      Moreover, the Petitioners that are organizations have not shown they would have organizational

23  standing.  Organizational standing requires a showing that: (1) the members would otherwise have

24  standing to sue in their own right, (2) the interests at stake are germane to the organization's purpose,

25  and (3) neither the claim asserted nor the relief requested requires the participation of individual

26  members in the lawsuit.  See Washington Envtl. Council v. Bellon, 732 F.3d 1131, 1139 (9th Cir. 2013).

27  Because Petitioners do not know what claims, if any, they may have, they cannot establish any of these

28  three requirements.  Furthermore, to the extent Petitioners would seek monetary relief, they could not

1   meet the third element because individualized proof would be required.  See <u>United Union of Roofers,</u>

2   <u>Waterproofers, & Allied Trades No. 40 v. Ins. Corp. of Am.</u>, 919 F.2d 1398, 1400 (9th Cir. 1990).

3         Turning to immunity, any claim by Petitioners under § 1981 or § 1983 would be barred by

4   sovereign or judicial immunity and would not be cognizable against a federal actor.  Section 1983

5   claims against federal agencies are barred by sovereign immunity.  See <u>Jachetta v. United States</u>, 653

6   F.3d 898, 908 (9th Cir. 2011).  Furthermore, § 1983 claims may not be brought against federal actors

7   because § 1983 applies only to those acting under color of state law, not federal law.  See <u>Mullis v. U.S.</u>

8   <u>Bankr. Ct. for the Dist. of Nevada</u>, 828 F.2d 1385, 1387 (9th Cir. 1987).  Indeed, any § 1983 claim

9   against a federal actor "is invalid on its face" and "is 'unreasonable' and 'meritless.'"  <u>Morse v. N. Coast</u>

10   <u>Opportunities, Inc.</u>, 118 F.3d 1338, 1343 (9th Cir. 1997) (citations omitted).

11         Likewise, § 1981 claims are barred by sovereign immunity.  See <u>Affiliated Prof'l Home Health</u>

12   <u>Care Agency v. Shalala</u>, 164 F.3d 282, 286 (5th Cir. 1999); <u>United States v. Timmons</u>, 672 F.2d 1373,

13   1380 (11th Cir. 1982); <u>Gottschalk v. City & County of San Francisco</u>, 964 F. Supp. 2d 1147, 1162 (N.D.

14   Cal. 2013); <u>accord</u> <u>Ardalan v. McHugh</u>, No. 13-CV-01138-LHK, 2013 WL 6212710, at *12 (N.D. Cal.

15   Nov. 27, 2013).  And, like § 1983, the phrase "under color of State law" in § 1981(c) means that § 1981

16   does not apply to federal actors.  See <u>Dotson v. Griesa</u>, 398 F.3d 156, 162 (2d Cir. 2005); <u>Davis v. Dep't</u>

17   <u>of Justice</u>, 204 F.3d 723, 725 (7th Cir. 2000); <u>Davis-Warren Auctioneers v. F.D.I.C.</u>, 215 f.3D 1159,

18   1161 (10th Cir. 2000); <u>Lee v. Hughes</u>, 145 F.3d 1272, 1277 (11th Cir. 1998); <u>Gottschalk</u>, 964 F. Supp.

19   2d at 1162-63.

20         Finally, any suit against Judge Cebull for decisions he made in his judicial role would also be

21   barred by absolute judicial immunity.  See <u>Mullis</u>, 828 F.2d at 1388, 1394.

22       **C.**     **The Petition Should Be Dismissed or Denied Because It Constitutes an Improper**

23            <u>**Attempt to Obtain Pre-Complaint Discovery.**</u>

24         The Amended Petition continues to be an improper attempt to conduct pre-complaint discovery

25   that exceeds the scope of Rule 27, as Petitioners admit: "Petitioners respectfully request that the Court in

26   the instant case ***expand*** the scope of Rule 27 to permit ***pre-complaint discovery*** of the File in order to

27   permit them to determine with more particularity ***the extent to which*** a due process complaint ***may*** be

28   filed." Doc. #34 ¶ 15 (emphasis added).  Rule 27 may not be used for such a purpose: "[W]e hold that

1    Rule 27 is not appropriate where, as here, the petitioner seeks discovery of unknown information that the

2    petitioner hopes will assist it in the future when the petitioner applies for judicial relief." Nevada v.

3    O'Leary, 63 F.3d 932, 933 (9th Cir. 1995). O'Leary is controlling and dispositive.

4         **D.    The Petition Should Be Dismissed or Denied Because Petitioners Have Not Shown**
          **Justice Would Be Delayed or Denied.**

5

6         Petitioners allege there are exigent circumstances because their process server was allegedly

7    locked out of the Ninth Circuit clerk's office. Doc. #34 ¶ 18. Respondents deny that allegation, and it

8    does not create exigent circumstances in any event. The exigent circumstance must be that the requested

9    information will be lost or destroyed if the Petition is not granted; it is not how easy or difficult service

10   may have been. See Penn Mut. Life Ins. Co. v. United States, 68 F.3d 1371, 1375 (D.C. Cir. 1995); Ash

11   v. Cort, 512 F.2d 909, 911 (3d Cir. 1975). There is nothing in the Amended Petition indicating the File,

12   or the identities of the persons who worked on the File, will be lost or destroyed. Cf. Hr'g Tr. 12:17-20,

13   Oct. 7, 2014 (Court: "there's nothing in the petition that suggests that the Ninth Circuit is destroying any

14   of the materials with respect to the investigation.").

15        **E.    The Petition Should Be Dismissed or Denied Because It Does Not Comply With**
          **Numerous Other Requirements of Rule 27.**

16

17        Aside from complying with the verification requirement, the Amended Petition still suffers from

18   the same defects identified for the original Petition in section IV.E of Respondents' First MTD and in

19   section II.F of Respondents' First Reply. Respondents refer the Court to the arguments raised in those

20   briefs, which are fully incorporated herein by reference.

21   **V.    CONCLUSION.**

22        For the foregoing reasons, the Amended Petition should be dismissed or denied.

23                                             Respectfully submitted,

24                                             MELINDA HAAG
                                               United States Attorney
25

26

27    DATED: December 9, 2014                  _____/s/_____
                                               NEILL T. TSENG
28                                             Assistant United States Attorney
                                               Attorneys for Respondents