1  MELINDA HAAG (CSBN 132612)
   United States Attorney
2  ALEX G. TSE (CSBN 152348)
   Chief, Civil Division
3  NEILL T. TSENG (CSBN 220348)
   Assistant United States Attorney
4
        450 Golden Gate Avenue, Box 36055
5       San Francisco, California 94102-3495
        Telephone: (415) 436-7155
6       FAX: (415) 436-6748
        neill.tseng@usdoj.gov
7
   Attorneys for Respondents
8

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| FOUR DIRECTIONS, ET AL., <br><br> Petitioners, <br><br> v. <br><br> COMMITTEE ON JUDICIAL CONDUCT AND DISABILITY OF THE JUDICIAL CONFERENCE OF THE UNITED STATES, ET AL., <br><br> Respondents. | CASE NO. C 14-03022 YGR <br><br> **[PROPOSED] ORDER GRANTING RESPONDENTS' MOTION TO DISMISS FIRST AMENDED PRE-COMPLAINT PETITION TO PRESERVE EVIDENCE** |

On January 13, 2015, a hearing was held on Respondents' motion to dismiss Petitioners' First Amended Pre-Complaint Petition to Preserve Evidence (Doc. #34) (the "Amended Petition"). Having carefully reviewed the parties' papers, considered their arguments and the relevant legal authority, the Court hereby GRANTS Respondents' motion and dismisses and denies the Amended Petition.

**I.  BACKGROUND.**

On March 1, 2012, a Complaint of Judicial Misconduct, Docket No. 12-90026, was opened in the United States Court of Appeals for the Ninth Circuit at the request of Richard Cebull, then Chief District Judge for the District of Montana, requesting an inquiry regarding his February 20, 2012,

transmittal of an email. See Order of the Judicial Council of the Ninth Circuit filed on March 15, 2013 (filed at Doc. #1-3 at 13-29) (the "3/15/13 Order"), at 1. On March 23, 2012, Ninth Circuit Chief Judge Alex Kozinski referred Complaint No. 12-90026 to a Special Committee of the Ninth Circuit for investigation. See 3/15/13 Order at 3. Chief Judge Kozinski also referred Complaint No. 12-90032, which had been filed by Third Circuit Chief Judge Theodore A. McKee and arose out of the same events, for inclusion in that investigation. See id.

Following the conclusion of its investigation, the Special Committee on December 17, 2012, issued a report pursuant to Judicial-Conduct Rule 17. See id. at 3-4. In its 3/15/13 Order, the Ninth Circuit Judicial Council adopted the Special Committee's findings of fact and took certain actions. See id. at 13-17. Under Rule 20(f) of the Rules for Judicial-Conduct and Judicial-Disability Proceedings, the 3/15/13 Order was to be published on May 17, 2013, absent any petition for review. See In re Judicial Misconduct, 751 F.3d 611, 615 (U.S. Jud. Conf. Jan. 17, 2014) (the "1/17/14 Decision").

On March 29, 2013, Judge Cebull retired effective May 3, 2013. See Order of the Judicial Council of the Ninth Circuit filed on July 2, 2013 (filed at Doc. #1-3 at 31-37) (the "7/2/13 Order"), at 6. Due to the resulting changed circumstances, the Ninth Circuit Judicial Council vacated the 3/15/13 Order on May 13, 2013. See id.; Order of the Judicial Council of the Ninth Circuit filed on May 13, 2013 (filed at Doc. #1-3 at 30) (the "5/13/13 Order"). In an order filed on July 2, 2013, the Ninth Circuit Judicial Council held that Judge Cebull's intervening retirement concluded the proceedings and dismissed the complaints as moot. See 7/2/13 Order at 6-7 (citing 28 U.S.C. § 354(a)(1)(B); Judicial-Conduct Rule 20(b)(1)(B)).

On January 17, 2014, the Committee on Judicial Conduct and Disability of the Judicial Conference of the United States (the "Committee on Judicial Conduct and Disability") filed the 1/17/14 Decision granting petitions for review filed by Chief Judge McKee regarding his complaint against Judge Cebull under the Judicial Conduct and Disability Act of 1980, 28 U.S.C. §§ 351-364, and Rules for Judicial-Conduct and Judicial-Disability Proceedings, 248 F.R.D. 674 (U.S. Jud. Conf. 2008). See Judicial Misconduct, 751 F.3d at 612-13. The Committee on Judicial Conduct and Disability adopted the Ninth Circuit Judicial Council's 3/15/13 Order and published it as the final order disposing of Judge

1  Cebull's and Chief Judge McKee's complaints on the merits, declaring certain provisions inoperative. See id. at 618.  The Committee on Judicial Conduct and Disability also attached to and published with the 1/17/14 Decision the Ninth Circuit Judicial Council's 5/13/13 Order and 7/2/13 Order.  See id. at 618-19.

On July 1, 2014, Petitioners filed a Pre-Complaint Petition to Preserve Evidence (Doc. #1) (the "Petition") pursuant to Rule 27(a)(1).  Respondents filed a cross-motion to dismiss and opposition to the Petition.  Doc. #19.  A hearing was held on October 7, 2014, and on October 28, 2014, the Court granted Respondents' cross-motion to dismiss with leave to amend.  Doc. #32.  Petitioners filed the Amended Petition on November 14, 2014.  Doc. #34.  In it, Petitioners request an order directing Respondents to preserve all of the "File" (defined by Petitioners as "[t]he notes, records, interviews, subject emails, etc." relating to the investigation into Judge Cebull's conduct, see id. ¶ 2), and to disclose a list of all persons who worked on the File.  See id. at 10:21-23.  Respondents filed a motion to dismiss and opposition to the Amended Petition (the "Motion") on December 9, 2014.  A hearing was held on January 13, 2015.

## II. LEGAL STANDARD.

### A. Rule 12(b)(1).

A Rule 12(b)(1) motion can attack either the sufficiency of the pleadings to establish federal jurisdiction or challenge the substance of the jurisdictional allegations despite the formal sufficiency of the complaint.  Thornhill Publ. Co. v. Gen'l Tel. & Electrs. Corp., 594 F.2d 730, 733 (9th Cir. 1979). When a motion to dismiss attacks the allegations of the complaint as insufficient to confer subject matter jurisdiction, the standard is the same as under a Fed. R. Civ. P. 12(b)(6) motion.  See Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1988).  That standard is set forth below.

When a defendant challenges the actual lack of jurisdiction, the plaintiff's allegations are not presumed to be truthful, and the plaintiff has the burden of proving the court has jurisdiction.  Thornhill Publ. Co., 594 F.2d at 733 (citation omitted).  The court may look beyond the complaint to matters of public record without converting the motion into one for summary judgment.  White v. Lee, 227 F.3d 1214, 1242 (9th Cir. 2000) (citations omitted).

## B. Rule 12(b)(6).

Fed. R. Civ. P. 12(b)(6) permits dismissal upon the "failure to state a claim upon which relief can be granted." Dismissal may be based on either: (1) lack of a cognizable legal theory, or (2) insufficient facts under a cognizable legal theory. See Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1988) (citation omitted). Review is limited to the contents of the complaint, and all allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party. See Federation of African Amer. Contractors v. City of Oakland, 96 F.3d 1204, 1207 (9th Cir. 1996) (citations omitted).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). To meet the facial plausibility standard, a plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'"" Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 557). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (citation omitted).

## C. Rule 27(a).

Rule 27(a) governs the perpetuation of testimony and reads in pertinent part:

**(a) Before an Action Is Filed.**

> **(1) *Petition*.** A person who wants to perpetuate testimony about any matter cognizable in a United States court may file a verified petition in the district court for the district where any expected adverse party resides. The petition must ask for an order authorizing the petitioner to depose the named persons in order to perpetuate their testimony. The petition must be titled in the petitioner's name and must show:
>
> **(A)** that the petitioner expects to be a party to an action cognizable in a United States court but cannot presently bring it or cause it to be brought;
> **(B)** the subject matter of the expected action and the petitioner's interest;
> **(C)** the facts that the petitioner wants to establish by the proposed testimony and the reasons to perpetuate it;
> **(D)** the names or a description of the persons whom the petitioner expects to be adverse parties and their addresses, so far as known; and

**(E)** the name, address, and expected substance of the testimony of each deponent.

**(2)** *Notice and Service.* At least 21 days before the hearing date, the petitioner must serve each expected adverse party with a copy of the petition and a notice stating the time and place of the hearing. The notice may be served either inside or outside the district or state in the manner provided in Rule 4. If that service cannot be made with reasonable diligence on an expected adverse party, the court may order service by publication or otherwise. The court must appoint an attorney to represent persons not served in the manner provided in Rule 4 and to cross-examine the deponent if an unserved person is not otherwise represented. If any expected adverse party is a minor or is incompetent, Rule 17(c) applies.

**(3)** *Order and Examination.* If satisfied that perpetuating the testimony may prevent a failure or delay of justice, the court must issue an order that designates or describes the persons whose depositions may be taken, specifies the subject matter of the examinations, and states whether the depositions will be taken orally or by written interrogatories. The depositions may then be taken under these rules, and the court may issue orders like those authorized by Rules 34 and 35. A reference in these rules to the court where an action is pending means, for purposes of this rule, the court where the petition for the deposition was filed.

Fed. R. Civ. P. 27(a).

The purpose of the reference to Rules 34 and 35 in subpart (a)(3) is to make those rules applicable in proceedings to perpetuate testimony. See Martin v. Reynolds Metals Corp., 297 F.2d 49, 56 (9th Cir. 1961). Rule 34 permits a party to request, among other things, the production of documents. See Fed. R. Civ. P. 34(a)(1)(A). "Of course, the showing required by Rule 27 must first be made before Rule 34 comes into play." Martin, 297 F.2d at 56.

## III. DISCUSSION.

The Court grants Respondents' Motion and dismisses and denies the Amended Petition for the following reasons: (1) the information at issue is, by statute, confidential and prohibited from disclosure; (2) Petitioners have not shown there would be federal jurisdiction over any future complaint; (3) Rule 27 can only be used to perpetuate known information and cannot be used, as Petitioners seek, to discover unknown information; (4) Petitioners have not shown justice would be delayed or denied; and (5) the Amended Petition does not comply with other requirements of Rule 27.

**A. The Requested Information is Confidential and Prohibited From Disclosure by Statute.**

28 U.S.C., chapter 16, governs complaints against judges and judicial discipline. Section 360 governs the disclosure of information under that chapter and provides that, except for limited circumstances not applicable here, all papers, documents, and records of proceedings are confidential and shall not be disclosed:

> **(a) Confidentiality of proceedings.**--Except as provided in section 355, <u>all papers, documents, and records of proceedings related to investigations conducted under this chapter shall be confidential and shall not be disclosed by any person in any proceeding</u> except to the extent that--
>
> > (1) the judicial council of the circuit in its discretion releases a copy of a report of a special committee under section 353(c) to the complainant whose complaint initiated the investigation by that special committee and to the judge whose conduct is the subject of the complaint;
> >
> > (2) the judicial council of the circuit, the Judicial Conference of the United States, or the Senate or the House of Representatives by resolution, releases any such material which is believed necessary to an impeachment investigation or trial of a judge under article I of the Constitution; or
> >
> > (3) such disclosure is authorized in writing by the judge who is the subject of the complaint and by the chief judge of the circuit, the Chief Justice, or the chairman of the standing committee established under section 331.

28 U.S.C. § 360(a) (underlining added); <u>see</u> also Rules for Judicial-Conduct and Judicial-Disability Proceedings ("Judicial-Conduct Rules") 23, 24 (U.S. Jud. Conf. 2008); <u>In re Focus Media, Inc.</u>, 378 F.3d 916, 921 n.2 (9th Cir. 2004).

Judge Cebull did not waive confidentiality of the judicial misconduct investigation file, nor would he have had the authority to do so. Pursuant to Judicial-Conduct Rule 23(i), Judge Cebull acknowledged that he was the subject of proceedings under the Judicial Conduct and Disability Act, 28 U.S.C. § 351 <u>et seq.</u> With Judge Cebull's consent, Chief Judge Kozinski disclosed the existence of those proceedings and that Judge Cebull was the subject judge. <u>See</u> Judicial-Conduct Rule 23(a).

<u>Cox v. McClean</u>, No. CV 14-199-M-DLC, 2014 WL 4824808 (D. Mont. Sept. 30, 2014), does not overcome the statutory bar to disclosure of § 360(a). First, <u>Cox</u> had nothing to do with § 360, but concerned certain provisions of the Montana Constitution that are not at issue in this case. Second, <u>Cox</u> did not involve Rule 27, but arose on a motion for preliminary injunction. Third, whereas Petitioners seek to have the File preserved and to obtain a list of all persons who worked on the File, the plaintiff in

[PROPOSED] ORDER GR. RESPONDENTS' MOT. TO DISMISS FIRST AM. PRE-COMPL. PET. TO PRESERVE EVID.
C 14-03022 YGR 6

1  Cox, by contrast, did "*not* seek internal Commission documents such as the Commission's
2  correspondence with the judge named in the complaint, the identity of witnesses, or transcripts of the
3  proceedings." Id. at *2 (emphasis added).

4  Fourth, unlike Cox, Petitioners' First Amendment rights have not been implicated. In Cox, the
5  plaintiff already had the information at issue and wished to publish it, but was restrained from doing so
6  by the threat of contempt. See id. at *1, 3. Petitioners, by contrast, do not even have the information at
7  issue, and instead seek to have it preserved or produced. Petitioners have not been threatened with
8  contempt if they publish anything. Fifth, the confidentiality statute in Cox was used to restrain the
9  *plaintiff* from publishing certain information, whereas here, § 360 prohibits *Respondents* from providing
10 the requested information to Petitioners. Cox simply does not apply.

11  Because the requested information remains confidential and is prohibited from disclosure by
12 statute, the Amended Petition is dismissed and denied. Cf. In re Gurnsey, 223 F. Supp. 359, 360-61
13 (D.D.C. 1963).

### B. Petitioners Have Not Shown Any Future Action Would Be Cognizable in Federal Court.

16  Petitioners must show any future action for which they seek to perpetuate testimony would be
17 "cognizable in a United States court." Fed. R. Civ. P. 27(a)(1), (a)(1)(A). At minimum, this means
18 "'there must be some basis of federal jurisdiction. In other words, the petitioner must show that the
19 contemplated action for which the testimony is being perpetuated will be a matter for which federal
20 jurisdiction exists.'" In re Skerry, No. C-09-80070 MISC CRB (EMC), 2009 WL 1097326, at *2 (N.D.
21 Cal. Apr. 20, 2009) (quoting 6-27 Moore's Fed. Prac.-Civ. § 27.10[1]). If "it appears that no basis of
22 federal jurisdiction would exist in the contemplated action," then the court lacks jurisdiction to address
23 the Amended Petition and should dismiss it under Rule 12(b)(1). In re Nabors Loffland Drilling Co.,
24 142 F.R.D. 295, 296 (W.D. La. 1992).

25  The Amended Petition is dismissed and denied because Petitioners have not shown there would
26 be federal jurisdiction over any contemplated future action. They allegedly "anticipate filing an action
27 pursuant to 42 U.S.C. § 1981 and 42 U.S.C. § 1983 to pursue the violations of their constitutional rights

to equal treatment under the law." Doc. #34 ¶ 14(d). But they have not shown federal jurisdiction would lie given standing and immunity obstacles.

Initially, Petitioners do not show they would have standing. "A plaintiff must demonstrate standing for each claim he or she seeks to press and for each form of relief sought." <u>Washington Envtl. Council v. Bellon</u>, 732 F.3d 1131, 1139 (9th Cir. 2013). "The 'irreducible constitutional minimum of standing' contains three requirements": injury in fact, causation and redressability. <u>Steel Co. v. Citizens for a Better Env't</u>, 523 U.S. 83, 103-04 (1998). "[S]tanding 'is perhaps the most important of [the jurisdictional] doctrines.'" <u>FW/PBS, Inc. v. City of Dallas</u>, 493 U.S. 215, 231 (1990) (second set of brackets in original; citation omitted).

The Amended Petition is full of speculation about whether Petitioners may or may not have a claim. <u>See</u> Doc. #34 ¶¶ 5, 8, 9, 12. The whole purpose of the Amended Petition is so Petitioners can have the File preserved and presumably eventually review the emails therein to determine if they support a legal claim. If they do not, then Petitioners will not have standing to sue for anything. Petitioners, at this point, cannot show they would have standing to sue.

Moreover, the Petitioners that are organizations have not shown they would have organizational standing. Organizational standing requires a showing that: (1) the members would otherwise have standing to sue in their own right, (2) the interests at stake are germane to the organization's purpose, and (3) neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit. <u>See</u> <u>Washington Envtl. Council</u>, 732 F.3d at 1139. Because Petitioners do not know what claims, if any, they may have, they cannot establish any of these three requirements. Furthermore, to the extent Petitioners would seek monetary relief, they could not meet the third element because individualized proof would be required. <u>See</u> <u>United Union of Roofers, Waterproofers, & Allied Trades No. 40 v. Ins. Corp. of Am.</u>, 919 F.2d 1398, 1400 (9th Cir. 1990).

Turning to immunity, any claim by Petitioners under § 1981 or § 1983 would be barred by sovereign or judicial immunity and would not be cognizable against a federal actor. Section 1983 claims against federal agencies are barred by sovereign immunity. <u>See</u> <u>Jachetta v. United States</u>, 653 F.3d 898, 908 (9th Cir. 2011). Furthermore, § 1983 claims may not be brought against federal actors

[PROPOSED] ORDER GR. RESPONDENTS' MOT. TO DISMISS FIRST AM. PRE-COMPL. PET. TO PRESERVE EVID.
C 14-03022 YGR                                                8

because § 1983 applies only to those acting under color of state law, not federal law. See Mullis v. U.S. Bankr. Ct. for the Dist. of Nevada, 828 F.2d 1385, 1387 (9th Cir. 1987). Indeed, any § 1983 claim against a federal actor "is invalid on its face" and "is 'unreasonable' and 'meritless.'" Morse v. N. Coast Opportunities, Inc., 118 F.3d 1338, 1343 (9th Cir. 1997) (citations omitted).

Likewise, § 1981 claims are barred by sovereign immunity. See Affiliated Prof'l Home Health Care Agency v. Shalala, 164 F.3d 282, 286 (5th Cir. 1999); United States v. Timmons, 672 F.2d 1373, 1380 (11th Cir. 1982); Gottschalk v. City & County of San Francisco, 964 F. Supp. 2d 1147, 1162 (N.D. Cal. 2013); accord Ardalan v. McHugh, No. 13-CV-01138-LHK, 2013 WL 6212710, at *12 (N.D. Cal. Nov. 27, 2013). And, like § 1983, the phrase "under color of State law" in § 1981(c) means that § 1981 does not apply to federal actors. See Dotson v. Griesa, 398 F.3d 156, 162 (2d Cir. 2005); Davis v. Dep't of Justice, 204 F.3d 723, 725 (7th Cir. 2000); Davis-Warren Auctioneers v. F.D.I.C., 215 f.3D 1159, 1161 (10th Cir. 2000); Lee v. Hughes, 145 F.3d 1272, 1277 (11th Cir. 1998); Gottschalk, 964 F. Supp. 2d at 1162-63.

Finally, any suit against Judge Cebull for decisions he made in his judicial role would also be barred by absolute judicial immunity. See Mullis, 828 F.2d at 1388, 1394. Likewise, "[c]ourt clerks have absolute quasi-judicial immunity from damages for civil rights violations when they perform tasks that are an integral part of the judicial process." Mullis, 828 F.2d at 1390. Thus, Cathy Catterson would be immune from suit for actions she took as Ninth Circuit Court and Circuit Executive concerning the misconduct complaints. "The judicial or quasi-judicial immunity available to federal officers is not limited to immunity from damages, but extends to actions for declaratory, injunctive and other equitable relief." Id. at 1394. Given this immunity, Petitioners cannot show there would be federal jurisdiction over their contemplated action. Cf. In re Boland, 79 F.R.D. 665, 668-69, 669 n.7 (D.D.C. 1978).

Because Petitioners have not shown there would be federal jurisdiction over their contemplated action, the Amended Petition is dismissed and denied. See Skerry, 2009 WL 1097326, at *2; Nabors Loffland Drilling Co., 142 F.R.D. at 296; In re N. Carolina, 68 F.R.D. 410, 412 (S.D.N.Y. 1975).

**C.    The Amended Petition Constitutes an Improper Attempt to Obtain Pre-Complaint Discovery.**

The Amended Petition is dismissed and denied because it is an improper attempt to conduct pre-

[PROPOSED] ORDER GR. RESPONDENTS' MOT. TO DISMISS FIRST AM. PRE-COMPL. PET. TO PRESERVE EVID.
C 14-03022 YGR                                        9

1  complaint discovery that exceeds the scope of Rule 27, as Petitioners admit: "Petitioners respectfully
2  request that the Court in the instant case *expand* the scope of Rule 27 to permit *pre-complaint discovery*
3  of the File in order to permit them to determine with more particularity *the extent to which* a due
4  process complaint *may* be filed." Doc. #34 ¶ 15 (emphasis added). Ninth Circuit law is clear that Rule
5  27 may not be used for such a purpose: "[W]e hold that Rule 27 is not appropriate where, as here, the
6  petitioner seeks discovery of unknown information that the petitioner hopes will assist it in the future
7  when the petitioner applies for judicial relief." Nevada v. O'Leary, 63 F.3d 932, 933 (9th Cir. 1995).

8  In O'Leary, the petitioner sought to use Rule 27 to obtain testimony that might help it challenge
9  anticipated government decisions. Id. at 935. The petitioner sought "opinions, thoughts, views, and
10 background information that [was] as yet completely unknown to the petitioner." Id. at 936. The Ninth
11 Circuit explained that Rule 27 "requires that the testimony to be perpetuated must be 'known
12 testimony.'" Id. at 936 (citation omitted); see also Fed. R. Civ. P. 27(a)(1)(E). Because the petitioner
13 could not "set forth the substance of the testimony, nor [could] it show that it would be admissible in any
14 later litigation," the Ninth Circuit affirmed the district court's denial of the petition. O'Leary, 63 F.3d at
15 936.

16 The key distinction is between perpetuating known testimony, which Rule 27 permits, and
17 discovering unknown testimony, which Rule 27 does not permit. See id. "It is well-established in case
18 law that perpetuation means the perpetuation of *known* testimony. In other words, Rule 27 may not be
19 used as a vehicle for discovery prior to filing a complaint." In re Allegretti, 229 F.R.D. 93, 96
20 (S.D.N.Y. 2005) (italics in original). The same principle applies when a petitioner seeks documents
21 under Rule 27. See id. at 98.

22 In Allegretti, the petitioners allegedly planned to file a lawsuit in a business dispute and sought
23 to use Rule 27 to take a deposition and preserve documentary evidence. See id. at 93-95. The court
24 denied the petition, finding "that petitioners are seeking a Rule 27 order not to collect known testimony
25 but to ascertain unknown information, an undertaking that falls outside the limited purposes of the
26 Rule." Id. at 98. In In re Ford, the petitioner administered the estate of a deceased and sought to use
27 Rule 27 to engage in pre-complaint discovery to determine the basic facts surrounding the death. 170
28

F.R.D. 504, 506 (M.D. Ala. 1997). The court denied the petition because the petitioner sought "to discover or uncover testimony, not perpetuate it." Id. at 507. Like the petitioners in O'Leary, Allegretti and Ford, Petitioners here seek not to perpetuate known information, but rather to discover unknown information. That is not authorized under Rule 27, nor have Petitioners shown the information would be admissible in later litigation. See O'Leary, 63 F.3d at 936. Thus, the Amended Petition is dismissed and denied.

### D. Petitioners Have Not Shown Justice Would Be Delayed or Denied.

A petition under Rule 27 should be granted only if "perpetuating the testimony may prevent a failure or delay of justice." Fed. R. Civ. P. 27(a)(3). Petitioners have not made this showing. First, they have not shown the requested information will be lost if the Amended Petition is not granted. "Rule 27 properly applies only in that special category of cases where it is necessary to prevent testimony from being lost." Ash v. Cort, 512 F.2d 909, 911 (3d Cir. 1975). Petitioners must "demonstrate an immediate need to perpetuate testimony." Penn Mut. Life Ins. Co. v. United States, 68 F.3d 1371, 1375 (D.C. Cir. 1995). General allegations that evidence may be lost are not sufficient. Id. "Simply alleging that testimony or information may be lost, destroyed or unrecoverable in the future is, at best, vague and conclusory." Landry-Bell, 232 F.R.D. at 267.

Petitioners allege there are exigent circumstances because their process server was allegedly locked out of the Ninth Circuit clerk's office. Doc. #34 ¶ 18. That misses the mark. The exigent circumstance must be that the requested information will be lost or destroyed if the Amended Petition is not granted; it is not how easy or difficult service may have been. See Penn Mut. Life Ins. Co., 68 F.3d at 1375; Ash v. Cort, 512 F.2d 909, 911 (3d Cir. 1975). There is nothing in the Amended Petition indicating the File, or the identities of the persons who worked on the File, will be lost or destroyed.

Petitioners speculate that "*maybe* more USDOJ employees[] *might* withhold vital parts of The File in our contemplated action." Doc. #34 at 10:14-15 (emphasis added). There are no facts offered to support this speculation aside from Petitioners' claim that Brady violations have increased. But that is neither here nor there. Petitioners have alleged no facts showing any connection between Brady violations arising out of criminal prosecutions and the alleged possible withholding of the File in an

[PROPOSED] ORDER GR. RESPONDENTS' MOT. TO DISMISS FIRST AM. PRE-COMPL. PET. TO PRESERVE EVID.
C 14-03022 YGR                         11

unidentified, speculated, future civil action.

Even assuming *arguendo* that parts of the File "might" be withheld in future litigation, there is still no indication the File is at risk of being lost or destroyed so as to create "an immediate need to perpetuate testimony." Penn Mut. Life Ins. Co., 68 F.3d at 1375. If, in a future action, information is withheld in discovery by either side, the Federal Rules provide an avenue for relief: a motion to compel. See Fed. R. Civ. P. 37. Rule 27 is a mechanism to perpetuate known testimony, not a pre-emptive substitute for Rule 37. Petitioners' conclusory speculation about possible withholding does not justify relief under Rule 27 and thus the Amended Petition is dismissed and denied. See Landry-Bell, 232 F.R.D. at 267; Ford, 170 F.R.D. at 507; N. Carolina, 68 F.R.D. at 412.

Finally, even if Petitioners had shown a risk of loss or destruction, that still would not suffice. They would also have to show two other things. First, they would have to "demonstrate a need for [the information] that cannot easily be accommodated by other potential witnesses" or documents. Penn Mut. Life Ins. Co., 68 F.3d at 1375. Petitioners have not made this showing. Second, Petitioners would have to show the requested information is legally relevant to their contemplated claim. See id. Petitioners have made no showing Respondents have "unique knowledge" that is "legally relevant" to their contemplated claim. Id. Thus, the Amended Petition is dismissed and denied.

### E. The Amended Petition Does Not Comply With Other Requirements of Rule 27.

In addition to the deficiencies set forth above, the Amended Petition fails to satisfy several other requirements of Rule 27. First, Petitioners have failed to show they "expect to be a party to an action." Fed. R. Civ. P. 27(a)(1)(A). Far from containing facts showing Petitioners "expect to be a party to an action," the Amended Petition merely speculates that they might potentially have a cause of action: "All of these groups have been *potentially* affected by the bias that was contained in the email messages sent by Judge Cebull and by any bias that Judge Cebull *might* have used in deciding the hundreds of cases that came before him while he was a District Court Judge." Doc. #34 ¶ 5 (emphasis added).

Second, Petitioners have not shown "the subject matter of the expected action and the petitioner's interest." Fed. R. Civ. P. 27(a)(1)(B). Petitioners have not explained with any specificity what their potential § 1981 or § 1983 claims will be, or their interest. They cannot, because they do not

know yet.

Third, Petitioners have not shown "the facts that [they] want[] to establish by the proposed testimony and the reasons to perpetuate it." Fed. R. Civ. P. 27(a)(1)(C). As to the File, Petitioners cannot make this showing because its contents are unknown to them. Nor have Petitioners shown any reason to perpetuate the list of persons who worked on the File. Petitioners have not explained, for instance, whether or how those persons' identities would be relevant to any contemplated § 1981 or § 1983 claim.

Fourth, Petitioners have not identified "the persons whom the petitioner[s] expect[] to be adverse parties." Fed. R. Civ. P. 27(a)(1)(D). They have not stated against whom they would bring their § 1981 or § 1983 claims. This is important not only because it is an express requirement of Rule 27, but also because the adverse party, as stated above, could have immunity.

Fifth, Rule 27 requires Petitioners to "serve each expected adverse party with a copy of the petition and a notice stating the time and place of the hearing." Fed. R. Civ. P. 27(a)(2). Because Petitioners have not even identified the expected adverse parties, they cannot show they served them. Cf. Landry-Bell, 232 F.R.D. at 267.

Sixth, because Petitioners have not identified the expected adverse parties, they cannot show venue is proper. Under Rule 27, the petition may be filed "in the district court for the district where any expected adverse party resides." Fed. R. Civ. P. 27(a)(1). There is no showing that the unidentified expected adverse party resides in this district. Cf. Skerry, 2009 WL 1097326, at *2.

## IV. CONCLUSION.

For the foregoing reasons, the Court GRANTS Respondents' Motion and dismisses and denies the Amended Petition.

**IT IS SO ORDERED.**

Dated:

HONORABLE YVONNE GONZALEZ ROGERS
UNITED STATES DISTRICT JUDGE