MELINDA HAAG (CSBN 132612)
United States Attorney
ALEX G. TSE (CSBN 152348)
Chief, Civil Division
NEILL T. TSENG (CSBN 220348)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7155
    FAX: (415) 436-6748
    neill.tseng@usdoj.gov

Attorneys for Respondents

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| FOUR DIRECTIONS, ET AL., <br><br> Petitioners, <br><br> v. <br><br> COMMITTEE ON JUDICIAL CONDUCT AND DISABILITY OF THE JUDICIAL CONFERENCE OF THE UNITED STATES, ET AL., <br><br> Respondents. | CASE NO. C 14-03022 YGR <br><br> **RESPONDENTS' SUPPLEMENTAL BRIEF IN RESPONSE TO COURT'S QUESTIONS** <br><br> Date: February 11, 2015 <br> Time: 2:00 p.m. <br> Place: Courtroom 1, 4th Floor, 1301 Clay Street, Oakland, California <br><br> Honorable Yvonne Gonzalez Rogers |

Respondents submit this supplemental brief in response to the Court's order (ECF No. 43) filed January 26, 2015, directing the parties to answer certain questions.[1]

**Question (1): "whether, assuming one of the petitioners here filed some motion or petition for relief regarding a case that went to decision before Judge Cebull, there would be some mechanism for discovery, in that proceeding, of his non-case related e-mails previously uncovered in the investigation of the misconduct complaints against Judge Cebull".**

Respondents note that the answer to this hypothetical question could depend on the nature of the

---

[1] In this brief, Respondents specially appear for the purpose of answering the Court's questions and contesting the Amended Petition on the merits. Respondents do not concede they have been properly served and do not waive service, personal jurisdiction or venue and expressly reserve the right to contest those issues as necessary in the future.

RESPONDENTS' SUPPLEMENTAL BRIEF IN RESPONSE TO COURT'S QUESTIONS
C 14-03022 YGR                                      1

1  future motion or petition for relief regarding a case which had previously been before Judge Cebull, and
2  whether the district court in that motion decided to permit discovery.  In a civil case, a litigant could file
3  a motion for relief from judgment under Fed. R. Civ. P. 60.  Discovery would be in the discretion of the
4  district court.  See H. K. Porter Co. v. Goodyear Tire & Rubber Co., 536 F.2d 1115, 1119 (6th Cir.
5  1976).

6  In a criminal case, a federal prisoner would generally file a motion under 28 U.S.C. § 2241 or
7  § 2255.  A judge may authorize discovery in § 2255 proceedings "for good cause."  28 U.S.C. § 2255,
8  Rule 6.  Similarly, habeas petitioners proceeding under § 2241 are "'not entitled to discovery as a
9  matter of ordinary course.'"  Bowers v. U.S. Parole Comm'n, Warden, 760 F.3d 1177, 1183 (11th Cir.
10 2014) (quoting Bracy v. Gramley, 520 U.S. 899, 904 (1997)).  Rather, "[i]t is within the discretion of the
11 district court to grant discovery upon a showing of good cause."  Bowers, 760 F.3d at 1183 (citing
12 Bracy, 520 U.S. at 904).  Less commonly, a petitioner could file for a writ of error *coram nobis*.  See
13 Hirabayashi v. United States, 828 F.2d 591, 604 (9th Cir. 1987).  The "good cause" requirement of
14 § 2255, Rule 6, would likely govern the availability of discovery in *coram nobis* proceedings.  See
15 United States v. Balistrieri, 606 F.2d 216, 221 (7th Cir. 1979) (deeming the rules governing § 2255
16 proceedings to be "highly persuasive in deciding how coram nobis motions should be conducted").
17 Finally, a motion for new trial under Fed. R. Crim. P. 33 may be available.  In Rule 33 proceedings, the
18 availability of discovery is governed by the same standard that governs discovery in habeas corpus
19 cases.  See United States v. Velarde, 485 F.3d 553, 560 (10th Cir. 2007).

20 While Respondents cannot speculate on the particular circumstances underlying the potential
21 claims of any future movants or petitioners, it should be kept in mind that the Ninth Circuit Judicial
22 Council "investigated Judge Cebull's cases — in particular, his dispositions of labor, employment, civil
23 rights and prisoner rights matters – and his criminal sentencing, as well as his cases that were appealed.
24 The investigation found no evidence of bias in his rulings or in his sentencing practices, and no cases
25 that were 'troubling.'"  In re Judicial Misconduct, 751 F.3d 611, 615 (U.S. Jud. Conf. Jan. 17, 2014).
26 The Judicial Conference of the United States Committee on Judicial Conduct and Disability did not find
27 otherwise.  See id. at 618 (adopting the Ninth Circuit Judicial Council's March 15 order and publishing
28 it "as the final order disposing of Judge Cebull's and Judge McKee's complaints on the merits,"

although declaring inoperative certain provisions requiring remedial action).

If a court were to permit discovery, no discovery would be available of the Ninth Circuit Judicial Council's investigative files of any judicial misconduct proceeding. See 28 U.S.C. § 360. Whether a petitioner could obtain discovery of the subject emails from other sources would depend on whether such discovery was authorized by the applicable rules and laws, such as those governing relevance, burden, privilege, materiality, etc. See, e.g., Fed. R. Civ. P. 26(b) (setting forth the discovery scope and limits in civil cases); Fed. R. Crim. P. 16 (governing discovery and inspection in criminal cases). Finally, emails and other documents cannot be obtained from the federal courts or the entire judicial branch through the Freedom of Information Act ("FOIA"). See 5 U.S.C. § 551(1)(B) (2010) (excluding federal courts from definition of "agency"); Mayo v. U.S. Gov't Printing Office, 9 F.3d 1450, 1451 (9th Cir. 1993) (noting that "the entire judicial branch" is exempt from FOIA); Warth v. Dep't of Justice, 595 F.2d 521 (9th Cir. 1979).

**Question (2): "what avenue (if any) for relief, through the Ninth Circuit Judicial Council or otherwise, is available to persons who believe that a decision made by Judge Cebull should be reviewed in light of the decisions of the Committee"?**

The Ninth Circuit Judicial Council is not a court, and instead is an administrative body which has no authority to review particular cases or results. 28 U.S.C. § 354 lists actions a judicial council may take in a judicial misconduct proceeding. Available actions are limited to remedies such as censure, reprimand, and a temporary suspension of new cases being assigned. See 28 U.S.C. § 354.

The avenue for relief in any particular case would depend on the specific circumstances of that case, and it is impossible to account for all circumstances which may exist, so the following list is not meant to be exhaustive, but a person believing a decision should be reviewed could bring a motion in federal court under § 2241, § 2255, Fed. R. Crim P. 33, Fed. R. Civ. P. 60, or seek *coram nobis* relief.

Respectfully submitted,

MELINDA HAAG
United States Attorney

DATED: February 2, 2015            /s/
                                    NEILL T. TSENG
                                    Assistant United States Attorney
                                    Attorneys for Respondents

RESPONDENTS' SUPPLEMENTAL BRIEF IN RESPONSE TO COURT'S QUESTIONS
C 14-03022 YGR                                3