1

2

3                          UNITED STATES DISTRICT COURT

4                        NORTHERN DISTRICT OF CALIFORNIA

5

6   **FOUR DIRECTIONS, ET AL.,**                    Case No.  14-cv-03022-YGR

7                Petitioners,
                                               **ORDER GRANTING RESPONDENTS' MOTION**
8        v.                                    **FOR RECONSIDERATION; VACATING**
                                               **MARCH 18 ORDER; AND DENYING FIRST**
9   **COMMITTEE ON JUDICIAL CONDUCT AND**       **AMENDED PETITION**
    **DISABILITY OF THE JUDICIAL CONFERENCE**
10  **OF THE UNITED STATES, ET AL.,**

11               Respondents.

12         Respondents Cathy A. Catterson, in her official capacity as representative of the Office of

13   the Circuit Executive  ("Catterson") and Committee on Judicial Conduct and Disability of the

14   Judicial Conference of the United States ("the USJCD Committee") (collectively, "Respondents"),

15   with leave of this Court, have moved for reconsideration of this Court's March 18, 2015 Order

16   Granting in Part First Amended Petition as to Preservation of Emails Only ("March 18 Order"),

17   Dkt. No. 53, under Civil Local Rule 7-9, or in the alternative, to alter or amend judgment under

18   Federal Rule of Civil Procedure 59(e).  Each Respondent offers separate grounds for

19   reconsideration, but joins in the other's arguments in their respective briefs.

20         The Court previously ordered as follows:

21
           given the unusual posture of this case and the Court's broad discretion in
22         fashioning appropriate relief, the Court **GRANTS** that portion of Petitioners'
           request for preservation of the emails at issue and **ORDERS** that Respondents
23         take all necessary steps to preserve the emails at issue, in accordance with
           Ninth Circuit policy, until **January 18, 2019**.  However, given the breadth of
24         the FAP as pleaded, the Court **DENIES** the balance thereof, since it fails to
           establish all elements of Rule 27(a)(1).
25

26   (March 18 Order at 1-2.)

27         Respondent Catterson now presents significant new information—unchallenged and, in

28   fact, conceded by Petitioners—demonstrating that none of the Petitioners face any threatened

United States District Court
Northern District of California

1   future injury to them based upon concerns about the destruction of emails in the investigative file.

2   On this basis, the Court finds Petitioners lack of standing and, therefore, **GRANTS** the Motions for

3   Reconsideration, **VACATES** its March 18 Order, and **DENIES** the First Amended Petition.

4   **I.      BACKGROUND**

5          On July 1, 2014, Petitioners filed a Pre-Complaint Petition to Preserve Evidence pursuant

6   to Rule 27(a)(1) of the Federal Rules of Civil Procedure.  (Original Petition, Dkt. No. 1.)  Initially,

7   Petitioners sought production of the investigation file and all documents obtained therein and

8   identification of persons who worked on the investigation conducted by the Ninth Circuit Judicial

9   Council's special committee concerning Judge Richard Cebull.  (*Id.*)  Respondents filed a motion

10  to dismiss which the Court granted with leave to amend by order issued October 28, 2014.  (Dkt.

11  No. 32.)  On November 14, 2014, Petitioners filed a substantially amended First Amended Petition

12  ("FAP"), adding a new Petitioner and new allegations specific to Petitioners' interactions with

13  Judge Cebull.  (Dkt. No. 34.)

14  **II.     DISCUSSION**

15         Rule 27 of the Federal Rules of Civil Procedure governs the FAP.  Rule 27(a) provides

16  that:

> A person who wants to perpetuate testimony about any matter
> cognizable in a United States court may file a verified petition in the
> district court for the district where any expected adverse party
> resides.  The petition must ask for an order authorizing the petitioner
> to depose the named persons in order to perpetuate their testimony.
> The petition must be titled in the petitioner's name and must show:
>
> (A)     that the petitioner expects to be a party to an action
>         cognizable in a United States court but cannot presently
>         bring it or cause it to be brought;
> (B)     the subject matter of the expected action and the petitioner's
>         interest;
> (C)     the facts that the petitioner wants to establish by the
>         proposed testimony and the reasons to perpetuate it;
> (D)     the names or a description of the persons whom the
>         petitioner expects to be adverse parties and their addresses,
>         so far as known; and
> (E)     the name, address, and expected substance of the testimony
>         of each deponent.

28  Fed. R. Civ. Pro. 27(a).

United States District Court
Northern District of California

2

United States District Court
Northern District of California

1      Respondent Catterson argues that the FAP should be dismissed for lack of Article III

2    standing.  Constitutional, "case-or-controversy" standing under Article III is a jurisdictional issue,

3    and may be raised any time, or *sua sponte* by the court.  *City of Los Angeles v. Cnty. of Kern*, 581

4    F.3d 841, 845 (9th Cir. 2009).

5      The "constitutional minimum" requirements for standing set forth require that claimants

6    have suffered an "injury in fact," that is "an invasion of a legally protected interest which is (a)

7    concrete and particularized," and "(b) 'actual or imminent, not 'conjectural' or 'hypothetical.'"

8    *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) (internal citations omitted).  Claimants

9    must also show a causal connection between alleged injury and alleged conduct, *i.e.* that the injury

10   is "fairly traceable" to the challenged action.  *Id.*  Finally, claimants must show that it is "likely,"

11   not merely "speculative," that their injury will be "redressed by a favorable decision."  *Id.* at 561.

12   While Congress may, by statute, create the legal rights which form the basis for standing, a party

13   bringing an action in federal court must still satisfy Article III standing requirements by

14   establishing a personal injury, not merely a generalized grievance common to all or a large class of

15   citizens.  *Lujan*, 504 U.S. at 575-76; *see also Public Citizen v. U.S. Dep't of Justice*, 491 U.S. 440,

16   449 377 (1989) (party whose a request for information under the Federal Advisory Committee

17   Act, 86 Stat. 770, as amended, 5 U.S.C.App. § 1 *et seq.,* was denied had a sufficiently distinct

18   injury to establish standing, similar to denial of a party's request under the Freedom of

19   Information Act, 5 U.S.C. § 552).  A generalized claim "amounting only to the alleged violation of

20   a right to have the Government act in accordance with law" does not satisfy Article III standing

21   requirements.  *Lujan*, 504 U.S. at 575-76.

22      Regardless of whether the issue here is viewed as one of standing or of adherence to the

23   Rules of Civil Procedure, the question for the Court is whether the Petitioners meet the parameters

24   for bringing a pre-complaint petition described in Rule 27.  Rule 27 requires that the petition be

25   "titled in the petitioner's name" and state that "the petitioner expects to be a party to an action

26   cognizable in a United States court but cannot presently bring it or cause it to be brought."  FRCP

27   27(a).  The previously presented allegations suggested that, despite failing to set forth the actions

28   they intended to bring and why they had not done so, but Petitioners might nevertheless be able to

3

United States District Court
Northern District of California

1  bring some cognizable action for relief based upon decisions made against them by Judge Cebull.

2  (*See* allegations at FAP ¶¶ 8-12.)  Consequently, the Court granted only the limited relief of

3  preservation of the emails in the Respondents' files.

4  The new information presented in Catterson' motion for reconsideration demonstrates that

5  the named Petitioners here would not be able to bring a cognizable claim based upon the

6  allegations they offered in the FAP.  Catterson's motion offers the following evidence:

7

8  (1) Petitioner Sara Plain Feather had a prior action dismissed based upon the Report and Recommendation Magistrate Judge Carolyn Ostby on statute of limitations grounds, which decision was adopted by Judge Cebull.  *See Plain*

9  *Feather v. Preite*, No. CV 10-00070-BLG-RFC, 2010 WL 3038504, at *1 (D. Mont. July 6, 2010) *report and recommendation adopted sub nom. Plain Feather*

10  *v. Preite*, No. CV 10-070-BLG-RFC, 2010 WL 3037530 (D. Mont. Aug. 4, 2010). (Declaration of Christoffer Lee In Support of Respondent Catterson's Motion for

11  Leave To File Motion for Reconsideration, Dkt. No. 63 ["Lee Dec."] Exhs. A, B.) The Ninth Circuit dismissed her appeal for lack of jurisdiction because the appeal

12  was not timely filed.  *See Plain Feather v. Preite*, No. 10-35808 (9th Cir. Oct. 13,

13  2010). (Lee Dec. Exh. C.)

14  (2) Petitioner Clifford Bird In Ground's previous challenge to his entry of a guilty plea to bribery before Judge Cebull, and a sentence of 37 months of

15  imprisonment, came before the Ninth Circuit Court of Appeals on three occasions: the first affirming his conviction by guilty plea, *United States v.*

16  *Birdinground*, 107 F. App'x 806, 807 (9th Cir. 2004); the second, in which the Ninth Circuit remanded his sentence for application of new precedential caselaw,

17  185 F. App'x 713, 714 (9th Cir. 2006); and the third in which his re-imposed 37-

18  month sentence was affirmed over challenges to the voluntariness of the plea and Judge Cebull's alleged bias, 265 F. App'x 539, 540 (9th Cir. 2008).  (Lee Dec.

19  Exhs. D, E, F.)  A one-year statute of limitations, running from "the date on which

20  the judgment of conviction becomes final," applies to motions for relief from imposition of a federal criminal sentence under 28 U.S.C. section 2255.  *See* 28

21  U.S.C. § 2255(f)(1).

22  (3) The FAP alleged that the Crow Tribe might seek relief based upon a voting rights case decided by Judge Cebull.  A docket  review of federal actions

23  meeting that description returned only the case of *Wandering Medicine v.*

24  *McCulloch,* (D. Mont., No. 12-cv-135), in which Judge Cebull denied a preliminary injunction and the tribal entities appealed.  The case was subsequently

25  reassigned to a different judge, and then later was settled, with the parties' submission of a stipulated dismissal with prejudice in July of 2014. (Lee Dec.

26  Exh. G, H, I, J, K [D. Mont. Case No. 12-cv-135-DWM, Dkt. Nos. 111, 213, 222,

27  and 223].)

28  (4) The FAP alleged that the Crow Tribe might also seek relief based upon

4

a water rights case.  A docket review of federal actions meeting this description
returned no water rights cases decided against the Crow Tribe by Judge Cebull.[1]
(Catterson Mtn. at 6:14-16.)

Petitioners' response to the motion for reconsideration does not dispute this factual presentation

and Petitioners conceded the same at oral argument.

The consequence of this newly provided information is significant: none of the Petitioners

herein appear able to state a cognizable claim based upon the matters alleged in the FAP.  The

uncontested facts presented are that Petitioner Plain Feather and Petitioner Bird in Ground have

both exhausted the avenues for relief with respect to their cases.  They offer no other avenues in

their response to the motion.  All Petitioners have failed to articulate a procedural vehicle that

would allow them to reopen any of the cases identified.

Likewise, in response to the motion for reconsideration, Petitioners have failed to identify

any other cases in connection with which they might seek relief.  The FAP is not saved by

Petitioners invocation of allegations in a newly filed complaint, which alleges injuries to *other*

parties.  (*See* Petitioners' Request for Judicial Notice of the complaint filed in Northern District of

California case *John Adams, Shane Castle v. Committee on Judicial Conduct et al.*, Case No.

3:15-cv-01046.)[2]  Standing for purposes of the FAP requires examination of the allegations of the

Petitioners therein.  Thus, the Court now has before it what it did not have before: an undisputed

record showing that, in addition to their failure to meet the requirements of Rule 27, Petitioners

are not in danger of suffering any injuries redressable by their Petition.

Further, the Court notes that Petitioners have not argued that Respondent Catterson is

likely to violate the national document retention policy, which she concedes requires her to

preserve the emails in the investigative file until January 18, 2019.

In light of the additional information regarding Petitioners' inability to bring a cognizable

claim, the Court has reconsidered its decision.  As in its prior March 18 Order, the Court takes no

United States District Court
Northern District of California

---

[1] Respondent notes that a comprehensive settlement of water rights was reached with the
passage of the Crow Tribe Water Rights Settlement Act of 2010. *See* Claims Resolution Act of
2010, Pub. L. No. 111-291, § 401 *et seq.*, 124 Stat. 3097 (2010). (*See* Lee Dec. Exh. L.)

[2] Petitioners' Request for Judicial Notice is **GRANTED**.

position on whether the emails in Respondents' investigatory files might be discoverable in some later proceeding, or whether 28 U.S.C. section 360(a)[3] would shield all evidence gathered in Respondents' files. To the extent Respondents argue that the Court's March 18 Order suggested that this or any other petition under Rule 27 would permit discovery of confidential information, Respondents are incorrect. The Court neither stated nor suggested that these Petitioners, or any other, could obtain any documents, whether by means of a pre-complaint petition under Rule 27, or as discovery in a civil case under Rule 26, or otherwise.[4]

## III. CONCLUSION

The motion of Respondent Catterson for reconsideration, as joined by Respondent USJCD Committee, is **GRANTED**. The Court, upon review of newly presented information, finds that none of the Petitioners in the FAP reasonably "expects to be a party to an action cognizable in a United States court but cannot presently bring it or cause it to be brought," and therefore none of them has or may have an injury redressable by the petition.

Consequently, the Court **VACATES** its March 18 Order and enters this new order **DENYING** the Petition. The parties shall submit a revised proposed form of judgment, agreed as to form, within five (5) business days of this Order.

**IT IS SO ORDERED.**

Dated: May 27, 2015

**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**

---

[3] 28 U.S.C. section 360 provides, in part:
(a) Confidentiality of proceedings.--Except as provided in section 355, all papers, documents, and records of proceedings related to investigations conducted under this chapter shall be confidential and shall not be disclosed by any person in any proceeding except [where the judicial council releases a copy of the investigation report to the complainant and the judge investigated; for purposes of an impeachment investigation; or as authorized by the subject judge and the chief judge of the circuit or Chief Justice].

[4] In light of the Court's decision that reconsideration and denial of the FAP is required for reasons of standing, the Court does not reach the USJCD Committee's argument that the Court is without inherent authority or abused its discretion in exercising such authority.